## 14687

### STATE v. CHISHOLM

(197 S. E., 308)

*Messrs. Dunlap & Dunlap & Roddey,* for appellant,

*Mr. W. G. Finley, Solicitor,* for the State.

May 24, 1938.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This appeal is from sentence of three years at hard labor after conviction of the crime of statutory arson as defined in Section 1132 of the Code of 1932.

This section of the Code is as follows: "Any person who wilfully and maliciously sets fire to or burns or causes to

be burned or who aids, counsels, or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson and upon conviction thereof be sentenced to the penitentiary for not less than two or more than twenty years."

It is quite evident from an examination of the record that the State relied upon circumstantial evidence. We might add that the record on appeal is not as complete as we would have wished it to have been.

The circumstances relied upon by the State are as follows:

The burned house was the property of one A. D. Chisholm, who had left for parts unknown some months before the fire. At the time of the fire the house was being used as a dwelling by the appellant, who is the son of A. D. Chisholm, and his mother, Fannie Chisholm, who is the wife of A. D. Chisholm.

A. D. Chisholm, the father of appellant, had executed a mortgage on the house in 1910, and some time during the first days of February, 1937, the mortgagee had instituted foreclosure proceedings.

When the foreclosure proceedings were commenced, a policy of fire insurance then in existence, and which provided for the payment of loss to the mortgagee, was cancelled by the insurance company which had issued it. Upon this cancellation the mortgagee took out, with another insurance company, another policy of fire insurance with similar provisions for the payment of any loss.

When the foreclosure proceedings were commenced, appellant's mother, on February 9, 1937, took out a policy of fire insurance payable to herself, and covering all personal property in the house "belonging to insured and all members of insured's family."

On February 14, 1937, the house was destroyed by fire.

Appellant states in his brief that one of the witnesses for the State testified that the appellant went into the house and shortly after leaving the house it was discovered to be on fire. It is our opinion that this testimony, at least in substance, should have been included in the transcript of record. It was material evidence upon the issue before us.

The transcript shows that Judge Greene, evidently speaking of this witness, said: "The testimony of a witness who gave direct testimony as to the burning, was very convincing. He was intelligent, and, from what I could gather, he was rather a reliable colored man, who had been working there for different concerns and responsible people for years. There is no evidence that he was not worthy of belief; the testimony was straightforward and clear; and, as I say, very convincing to me, as it was to that jury, too, as they came back and asked that it be read again; they wanted to be sure just what he said."

These then, as above set forth, were the circumstances relied upon by the State in asking a conviction of the appellant on the charge that he had willfully and maliciously set fire to the house.

Appellant denied his guilt, and undertook to show that he was elsewhere at the time of the commencement of the fire.

The jury found him guilty as charged.

During the course of the trial appellant's counsel objected to the admission of all evidence as to the existence of the mortgage, the commencement and progress of the foreclosure proceedings, the existence and cancellation of the first policy of insurance, and the existence of the two succeeding policies of insurance. Judge Greene overruled these objections, and in the admission of this testimony appellant now charges error.

We cannot agree with the contention of appellant. It seems to us that all of these circumstances were both relevant and competent to be considred by the jury in deciding whether or not they were satisfied beyond a rea-

sonable doubt that appellant had willfully and maliciously set fire to the house.

Where the State, as in this case, relies upon circumstantial evidence, the Solicitor, as he did in this case, has the right to place before the jury all of the relevant and competent circumstances upon which he relies. It then becomes the duty of the jury to seek for any reasonable explanation of these circumstances other than the guilt of the defendant. If the jury is able to find such a reasonable explanation, it becomes their duty to acquit. But if they cannot find such an explanation, and are, in addition, satisfied beyond a reasonable doubt that the defendant is guilty, it becomes their duty to so find him.

It is our opinion that the evidence objected to by appellant was relevant and competent.

The sentence appealed from is therefore affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.