1271

Richard E. CARTER, Appellant v. AMERICAN MUTUAL
FIRE INSURANCE COMPANY, Respondent.

(375 S. E. (2d) 356)

Court of Appeals

*Ray L. Derrick*, of *Funderburk & Derrick*, Columbia, *for appellant.*

*Jeter E. Rhodes, Jr.* and *G. D. Morgan, Jr.*, both of *Whaley, McCutchen, Blanton & Rhodes*, Columbia, *for respondent.*

Heard Nov. 15, 1988.

Decided Dec. 15, 1988.

SHAW, Judge:

Appellant, Richard E. Carter, sued respondent, American Mutual Fire Insurance Company, for breach of contract and bad faith refusal to pay insurance benefits arising from the insurance company's denial of Carter's claim under a fire insurance policy. The jury returned a verdict for the insurance company. From a denial of Carter's motions for directed verdict and judgment notwithstanding the verdict, Carter appeals. We affirm.

In ruling on a trial judge's denial of motions for directed verdict and judgment notwithstanding the verdict, we must consider the evidence in the light most favorable to the prevailing party and we are not at liberty to pass upon the veracity of the witnesses and determine the case according to our view of the weight of the evidence. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). Our task is to determine whether sufficient evidence existed warranting submission of the case to the jury. *Woodward v. Todd*, 270 S. C. 82, 240 S. E. (2d) 641 (1978). A review of the record in the light most favorable to the insurance company reveals the following:

On November 10, 1980, a fire occurred at the home of Mr. Carter. On that day, he left his home between 6:00 and 7:00 p.m. to help an employee with car trouble. Mrs. Carter and her daughter left the home sometime after Mr. Carter and went to a friend's house where the Carters were invited for dinner. Unable to repair the employee's car, Mr. Carter returned to his home and allowed the employee to take his

car. The employee testified they arrived at the home around 9:30 p.m. Mr. Carter called his wife who picked him up and drove him to their friend's house. The fire was discovered at approximately 11:00 p.m. Mr. Carter returned home around 12:30 a.m.

The evidence also reveals Mr. Carter was experiencing financial difficulties at the time of the fire. His home had been listed for sale for over a year and was still for sale at the time of the fire. There were two mortgages on the home. He also had both a federal and state tax lien filed against him. A background investigation revealed Mr. Carter was having trouble paying credit card accounts.

Finally, three defense experts testified the fire was intentionally set. They opined a flammable liquid was poured on the floor. One of the experts testified it was possible the fire was set prior to 9:00 that evening if a delaying device were used.

The insurance company relied on circumstantial evidence to prove Mr. Carter was guilty of civil arson. This court has held an insurer must prove by the preponderance of the evidence that the fire was of an incendiary origin and the insured caused the fire. *See Rutledge v. St. Paul Fire and Marine Ins. Co.*, 286 S. C. 360, 334 S. E. (2d) 131 (Ct. App. 1985). However, the appellate courts of this state have yet to address the elements necessary to prove civil arson when relying on circumstantial evidence. We adopt the elements set out by the Georgia Court of Appeals in *Fortson v. Cotton States Mutual Ins. Co.*, 168 Ga. App. 155, 308 S. E. (2d) 382 (1983). In *Fortson,* the court followed the well accepted line of federal cases in holding as follows:

> An insurance company can prevail in an arson defense based solely on circumstantial evidence if it shows that the fire was of *incendiary origin* and that the plaintiff had both the *opportunity* and *motive* to have the fire set. (emphasis added)

Based on the foregoing evidence, we find there was sufficient evidence of incendiary origin, motive and opportunity to submit the case to the jury. We therefore hold the trial judge correctly denied Mr. Carter's motions for directed verdict and judgment notwithstanding the verdict.

In light of the above decision, we need not address the issue of the fraudulent proof of loss defense.

Affirmed.

BELL and CURETON, JJ., concur.