23003

The STATE, Respondent v. Wayne EDWARDS, Appellant.

(379 S. E. (2d) 888)

Supreme Court

*Assistant Appellate Defender Wanda Hagler Haile* of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Feb. 8, 1989.

Decided April 24, 1989.

HARWELL, Justice:

Appellant was convicted of armed robbery. He appeals from the trial court's refusal to grant his motion for a directed verdict. We affirm.

## FACTS

Appellant Wayne Edwards and his co-defendant and brother-in-law Melvin Curtis Cox were tried for armed robbery. Scott Bond, witness for the prosecution, testified that he was working at Agency-Rent-A-Car in Greenville on September 20, 1985, when two men wearing brown ski masks entered the office. One man was short and carried a pistol; the other man was tall. The men went behind the counter and told Bond to give them the money inside the drawer; there was no money in the drawer, so the men told Bond to empty his pockets. The men then tied Bond's hands and legs with duct tape and left him on the floor. They took his wallet and two sets of rental car keys from the counter and fled the

office. One set of the stolen keys belonged to a silver 1984 Ford with Ohio license tags which was taken from the parking lot.

Bond positively identified Melvin Cox as the shorter of the two men involved in the robbery. Bond testified that he could not identify the taller man because of the ski mask.[1]

On September 25, 1985, the stolen car was discovered in Gastonia, North Carolina. The Ohio tags were missing; a South Carolina license plate on the car was taken by the police for testing. A shirt and brown stocking cap found outside the car were also retained for testing. Appellant's fingerprints were found on the South Carolina tag. Head hairs from the stocking cap and shirt were determined to have originated from the apellant or from some other Caucasian whose head hairs were identical to appellant's.

Testimony was introduced which placed both appellant and Cox in Gastonia, North Carolina in late December of 1985. Charge receipts from Bond's stolen credit cards were traced to North Carolina. Further testimony indicated that appellant and Cox were brothers-in-law and known associates. In April 1986, police discovered the two Ohio license plates from the stolen car in the trunk of a car which had previously belonged to appellant.

At the close of the State's case, appellant moved for a directed verdict. This motion was denied and the jury found appellant guilty; he was sentenced to 25 years in prison. This appeal follows.

## DISCUSSION

Appellant argues that the trial court erred in refusing to direct a verdict in his favor because the evidence failed to establish beyond a reasonable doubt that he was guilty of armed robbery.

---

[1] Although Cox also wore a ski mask, Bond testified that he had previously rented cars to Cox on several occasions and was able to recognize Cox from his voice and eye color.

Appellant, citing *State v. Manis*, 214 S. C. 99, 51 S. E. (2d) 370 (1949), contends that where, as here, the evidence is completely circumstantial his guilt must be proven to the "exclusion of every other reasonable hypothesis." In so contending, appellant is arguing the standard to be charged for use by the *jury* in its deliberation. Under this test, the jury may not convict unless:

> every circumstance relied upon by the State be proven beyond a reasonable doubt; and ... all of the circumstances so proven be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. It is not sufficient that they create a probability, though a strong one and if, assuming them to be true they may be accounted for upon any reasonable hypothesis which does not include the guilt of the accused, the proof has failed.

*State v. Littlejohn*, 228 S. C. 324, 89 S. E. (2d) 924, 926 (1955).

The test set forth above is not, however, the test to be used by the *judge* in deciding a motion for a directed verdict where the evidence is circumstantial. In determining whether to send the case to the jury on circumstantial evidence, the proper standard to be applied by the judge is as follows:

> [T]he judge is concerned with the existence or nonexistence of evidence, not its weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury *if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilty may be fairly and logically deduced.* [emphasis added]

*Littlejohn*, 89 S. E. (2d) at 926.

We recognize that a conflict has arisen in the case law of this State as to the proper standard for ruling on directed verdict motions in circumstantial evidence cases. Our hold-

ing today clarifies the proper standard to be used. To the extent that *State v. Manis* and its progeny are inconsistent with our opinion today, these cases are overruled.

Applying the above standard, we find that the record ■ in this case contains sufficient circumstantial evidence to warrant denial of the directed verdict motion. Appellant was a known associate of his positively identified co-defendant, Melvin Cox. His fingerprints were found on the license tag of the stolen car, head hairs identical to appellant's were found in a brown ski-mask and on a shirt discovered near the stolen car. The license tags from the stolen car were found in a car once owned by appellant. Substantial evidence existed which reasonably tended to prove the guilt of the accused; the evidence raised more than a mere suspicion of guilt. The judge properly sent the case to the jury. The trial court's denial of the directed motion is

Affirmed.

GREGORY, C. J., FINNEY and TOAL, JJ., and LITTLEJOHN, A.A.J., concur.