2461

The STATE, Respondent v. Timothy Paul HARRY, Appellant.

(468 S.E. (2d) 76)

Court of Appeals

*D. Garrison Hill* and *O.W. Bannister, Jr.*, both of *Hill, Wyatt, Bannister & Brown*, Greenville, *for appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Assistant Deputy Attorney General Salley W. Elliott*, Columbia; and *Solicitor Joseph J. Watson*, Greenville, *for respondent.*

Heard Nov. 8, 1995.

Decided Feb. 5, 1996; Reh. Den. Mar. 28, 1996.

CONNOR, Judge:

Timothy Paul Harry appeals his conviction for two counts of third-degree arson and one count of presenting a false insurance claim. We affirm.

## I. FACTS

Firefighters received a call concerning a burning home on July 19, 1992, at 1:00 a.m. When they arrived at the scene, flames had engulfed the front of the house. The firemen immediately disconnected the power meter and entered the house. Because the fire kept reigniting, it took almost an hour to suppress.

When the fire had finally been extinguished, the firemen entered the home to survey the property and inventory the con-

tents of the house. They discovered a number of things that made them suspect arson. Heavy material covered the windows at the front of the house. Holes, which were designed to feed the fire up the wall into the attic, had been drilled in the baseboards. Furthermore, several bottles containing petroleum and gasoline distillates, some with cloth "wicks," were found. In addition, a kerosene-filled coffee can in a barbecue grill in the basement proved to be the point of origin for the fire.

The last emergency official left the scene of the fire at approximately 5:30 a.m. The electrical service to the home remained unconnected.

At 6:45 a.m. firefighters received another alarm for the same residence. When they arrived this time, they found the rear of the house ablaze. The second fire caused severe damage to the rear of the house. Their investigation showed an average-sized vehicle had left fresh tire tracks in the driveway. Moreover, someone had set the second fire by igniting a highly flammable substance which had been spread around the interior of the house.

During its case-in-chief, the state presented the following circumstantial evidence Harry set the fires. Harry bought a $25,000 homeowners insurance policy covering the contents of the house approximately two weeks earlier. An inventory of the contents of the house revealed several stacks of empty, yet completely sealed, boxes. Furthermore, Harry provided his insurer with false information concerning his losses.

During Harry's case the evidence showed someone mysteriously restored power to the house after the first fire, but before the second one. Because Harry had worked for an electric company for many years, he was familiar with transformers and other electrical equipment. Also, Harry and his mother had suffered financial losses when their pizza business failed.

## II. DIRECTED VERDICT

Harry first argues the trial court should have directed a verdict of acquittal on the two counts of third-degree arson. Although Harry acknowledges the fires were intentionally set, he asserts no evidence proves he set them.

In reviewing the refusal to grant a directed verdict, we must view the evidence in the light most favorable to the state. We must determine whether there is any di-

rect evidence, or any substantial circumstantial evidence, which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced. *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888 (1989), *cert. denied*, 493 U.S. 895, 110 S.Ct. 246, L.Ed. (2d) 196 (1989); *State v. Creech*, 314 S.C. 76, 441 S.E. (2d) 635 (Ct. App. 1994), *cert. denied* (Aug. 26, 1994).

Harry argues we must limit our review to that evidence presented by the state in its case-in-chief. However, when the defendant presents testimony, he loses the right to have the court review the sufficiency of the evidence based on the state's evidence alone. *United States v. Byfield*, 928 F. (2d) 1163, 1165-66 (D.C. Cir. 1991) ("Although a motion for judgment of acquittal made at the close of the government's case-in-chief is decided on the basis of only that evidence so far introduced at trial . . . [the court] must look at the entire record when ruling on the same motion made after trial.") (citations omitted). In *Kimbrough v. Commonwealth*, 550 S.W. (2d) 525 (Ky. 1977), the Kentucky Supreme Court held the denial of defendant's motion for directed verdict could not be reviewed on appeal because the defendant did not renew the motion at the close of all the evidence. The rationale the court used also applies in determining what evidence we are required to review when a defendant makes a motion for directed verdict at the close of the state's case and renews it at the close of all the evidence. The Kentucky Court stated:

> A motion for a directed verdict made at the close of the [state's] case is not sufficient to preserve error unless renewed at the close of all the evidence, because once the defense has come forward with its proof, the propriety of a directed verdict can only be tested in terms of all the evidence. If there has been no motion for a directed verdict at the close of all the evidence, it cannot be said that the trial judge has ever been given an opportunity to pass on the sufficiency of the evidence as it stood when finally submitted to the jury. In effect, therefore, a motion for directed verdict made only at the close of one party's evidence loses any significance once it is denied and the other party, by producing further evidence, chooses not to stand on it.

*Id.* at 529; *cf. Evans v. Wabash Life Ins. Co.*, 247 S.C. 464, 148 S.E. (2d) 153 (1966) (defendant lost the opportunity to have the court's refusal to grant a motion to strike allegations of fraud and punitive damages reviewed in the light of plaintiff's evidence alone when it presented evidence).[1]

■ Viewed in the light most favorable to the state, sufficient evidence existed to support denial of Harry's directed verdict motion. *See State v. Chisholm*, 187 S.C. 275, 197 S.E. 308 (1938) (affirming arson conviction based on circumstantial evidence that included foreclosure proceedings shortly before fire, and changes in insurance coverage by defendant's mother to include coverage for all personalty); *cf. Carter v. American Mutual Fire Ins. Co.*, 297 S.C. 218, 375 S.E. (2d) 356 (Ct. App. 1988) (in civil arson case, court affirmed denial of insured's directed verdict motion where insurer presented evidence fire at claimant's home was intentionally set and claimant was experiencing financial difficulty).

## III. SEVERANCE

Harry next argues the trial court should have severed the indictments for third-degree arson and presenting a false insurance claim.

■■ A motion for severance lies within the trial judge's discretion and we will not disturb his or her ruling on appeal absent a showing of abuse. *State v. Prince*, 316 S.C. 57, 447 S.E. (2d) 177 (1993). Multiple charges are properly tried together where they (1) arise out of a single chain of circumstances; (2) are proved by the same evidence; (3) are of the same general nature; and, 4) no real right of the defendant has been jeopardized. *State v. Tate*, 286 S.C. 462, 334 S.E. (2d) 289 (Ct. App. 1985).

■■ In this case, the charges arose out of a single chain of circumstances beginning with the arson and continuing to the false insurance claim. Furthermore, much of the same evidence would have been admissible at both trials. The charges are of the same general nature because they are interconnected. No real right if the defendant was jeopardized.[2]

---

[1] We recognize *Evans v. Wabash* is a civil case, but we see no reason the rule should be any different for criminal cases.

[2] We note that even if Harry's motion for severance had been granted, mush of the evidence of insurance fraud would have been admissible in the arson

The trial judge went to great lengths to fully instruct the jury that the state had the burden of proving each element of each crime. *Cf. State v. Bowers*, 301 S.C. 457, 392 S.E. (2d) 482 (Ct. App. 1990) (noting defendant could have objected to specific testimony and requested a limiting instruction in order to protect himself from claimed prejudice in trial judge's refusal to grant his motion for severance). Accordingly, we find no abuse in the trial court's determination the cases should have been tried together.

## IV. JURY CHARGE

Harry further alleges the trial court's jury charge on circumstantial evidence lessened the state's burden of proof. The trial court charged the jury, in pertinent part:

> You may not convict a defendant based on circumstantial evidence unless every circumstance relied upon by the state is proven beyond a reasonable doubt and all the circumstances so proven are consistent with each other and taken together point conclusively to the guilt of the accused to the exclusion of every other reasonable explanation. It is not sufficient that circumstances proven create a probability of guilty [sic], even though a strong one; and if they, that is the circumstances, can establish some other reasonable explanation which does not include the guilt of the defendant, then proof by circumstantial evidence has failed.

Harry requested the trial court to charge that circumstantial evidence fails if the circumstances point to any hypothesis which does not include the guilt of the accused. In *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888 (1989), our Supreme Court noted the distinction between the test a judge must use in deciding a motion for directed verdict versus the standard to be charged the jury for use in its deliberation. The Court in *Edwards* described an appropriate jury charge that is practi-

trial and vice versa under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). Although evidence of prior bad acts is generally inadmissible, *Lyle* allows exceptions where the probative value of the evidence outweighs its prejudicial effect and the evidence tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan, or identity. Here, the evidence of the other crime would have showed both motive and common scheme or plan.

cally identical to the charge given here. Accordingly, we find no error in the judge's charge to the jury.

## V. IMPEACHMENT

Harry next contends the trial court should have allowed him to impeach one of the state's witnesses with prior convictions for driving under the influence and driving under suspension. However, our court has specifically held DUI does not involve moral turpitude for purposes of impeachment. *State v. Hall*, 306 S.C. 293, 411 S.E. (2d) 441 (Ct. App. 1991). In addition, our Supreme Court has held that public drunkenness and driving without a license are not crimes of moral turpitude. *State v. LaBarge*, 275 S.C. 168, 268 S.E. (2d) 278 (1980). We affirm the trial judge on this issue.

## VI. CLOSING ARGUMENT

Harry last argues the trial court should have granted his new trial motion because during closing argument the solicitor improperly commented on Harry's failure to call certain witnesses.

During closing argument, the state told the jury they had "a right to ask [themselves] if in fact Tim Harry was home with Amanda Harry and Gloria Gibson why didn't they tell you that." Harry objected, without stating the grounds for his objection, and asked to approach the bench. The judge replied, "All right." Thereafter the record reflects a bench conference out of the presence of the jury. After the conference Harry's attorney requested neither a curative instruction nor a mistrial. Therefore this issue is not preserved for appeal. In *McElveen v. Ferre*, 299 S.C. 377, 381, 385 S.E. (2d) 39, 41 (Ct. App. 1989), we held:

> When objection is timely made to improper remarks of counsel, the judge should rule on the objection, give a curative charge to the jury, and instruct offending counsel to desist from improper remarks. If the judge takes these steps, and the initial objecting party is not satisfied with the instruction, a further objection and a request for further instruction should be made at that time. If the objecting party fails to make this additional objection, the asserted misconduct of counsel is not preserved for review on appeal.

(Citation omitted.) Because Harry failed to make a further objection, the issue of the prejudicial effects, if any, of the state's closing argument is not properly before us.[3]

For the foregoing reasons, the convictions are

Affirmed.

SHAW and HEARN, JJ., concur.

---

[3] We further note the judge charged the jury that "there is no burden placed upon the defendant to prove an alibi. The burden is on the state to prove that he was actually present at the scene of the crime and he actually participated or committed the offense."