489 S.E.2d 462

**The STATE, Respondent,**

v.

**Labrone GRIPPON, Appellant.**

**No. 24645.**

Supreme Court of South Carolina.

Heard Nov. 21, 1996.
Decided July 21, 1997.
Rehearing Denied Aug. 21, 1997.

---

80

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, Senior Assistant Attorney General Charles H. Richardson, Columbia; and Solicitor David P. Schwacke, Charleston, for respondent.

BURNETT, Justice:

Appellant challenges his voluntary manslaughter conviction on the ground the trial judge's charge on circumstantial evidence erroneously diluted the State's burden of proof. We disagree and affirm.

### FACTS

Around 6:30 a.m. on December 4, 1996, appellant stabbed Harold Singleton. According to appellant, he awoke at his home to find Singleton standing over him. Singleton tried to rape him. The two men fought, and appellant stabbed Singleton in the leg with a knife he kept near his bed. The fight

moved into the kitchen where appellant then stabbed Single-ton in the back causing his death. Appellant dragged Single-ton outside and then called for help. Appellant was indicted for murder.

At the trial, the State introduced appellant's confession as direct evidence of the cause of Singleton's death. The State relied on circumstantial evidence to prove malice. The defense did not present any evidence, and appellant did not testify.

On appellant's request, the trial judge instructed the jury on circumstantial evidence. The trial judge omitted from appellant's requested instruction the phrase "to the exclusion of every other reasonable hypothesis" ("reasonable hypothesis" phrase) because he interpreted this phrase as shifting the burden of proof from the State to the defendant. The trial judge defined reasonable doubt and repeated throughout his instructions reasonable doubt was the required standard of proof.

### ISSUE

Did the trial judge err by omitting the phrase "to the exclusion of every other reasonable hypothesis" from the circumstantial evidence charge?

### DISCUSSION

Appellant requested the trial court charge the following:

Crimes may be proven by circumstantial evidence, provided that it meets the necessary legal tests. To the extent that the prosecution relies on circumstantial evidence it must prove all the circumstances relied on beyond a reasonable doubt. The circumstances must be wholly and, in every particular, perfectly consistent with one another; and the circumstances must point conclusively to the guilt of the accused *to the exclusion of every other reasonable hypothesis*. That is, to be considered as evidence of guilt the circumstances must be absolutely inconsistent *with any reasonable hypothesis other than the guilt of the accused.*

. . . .

I charge you further that the mere fact that the circumstances are strongly suspicious and the defendant's guilt probable, it is not sufficient to sustain a conviction because the proof offered by the State must *exclude every reasonable hypothesis except that of guilt,* and must satisfy the jury beyond a reasonable doubt.

(emphasis added). The trial judge, relying on *State v. Raffaldt,* 318 S.C. 110, 456 S.E.2d 390 (1995), refused to include the "reasonable hypothesis" language. The trial judge incorrectly read *Raffaldt* as a rejection of the "reasonable hypothesis" phrase. However, except for the omission of that phrase, the trial judge fully instructed the jury on circumstantial evidence.

Appellant argues the instruction given on circumstantial evidence was incomplete because the level of proof required to find him guilty was lowered without the omitted phrase. We disagree.

■ The instruction requested by appellant initially received approval by this Court in *State v. Littlejohn,* 228 S.C. 324, 89 S.E.2d 924 (1955). *See State v. Edwards,* 298 S.C. 272, 379 S.E.2d 888, *cert. denied,* 493 U.S. 895, 110 S.Ct. 246, 107 L.Ed.2d 196 (1989) (stating the appropriate circumstantial evidence charge). Our recent cases addressing the circumstantial evidence charge modified this charge by deleting language requiring the jury to "seek" another explanation. *State v. Manning,* 305 S.C. 413, 409 S.E.2d 372 (1991), *cert. denied,* 503 U.S. 914, 112 S.Ct. 1282, 117 L.Ed.2d 507 (1992); *Raffaldt, supra.* However, we never rejected the "reasonable hypothesis" phrase or found this phrase shifted the burden of proof. In fact, use of a similar phrase was recently approved. *State v. Harry,* 321 S.C. 273, 468 S.E.2d 76 (Ct.App.1996) (approving use of reasonable explanation phrase). Therefore, the trial judge was not required to delete the "reasonable hypothesis" phrase from the requested charge.

However, the instruction actually given by the trial judge, as a whole, adequately conveyed the level of proof required to find appellant guilty. *See State v. Smith,* 315 S.C. 547, 446 S.E.2d 411 (1994) (jury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible

error); *State v. Burton,* 302 S.C. 494, 397 S.E.2d 90 (1990) (jury instruction is sufficient if, when considered as a whole, it covers the law applicable to case).

■ The trial court repeatedly charged the State had the burden of proving the defendant guilty beyond a reasonable doubt, and reasonable doubt was correctly defined. *State v. Darby,* 324 S.C. 114, 477 S.E.2d 710 (1996). Therefore, the jury was adequately apprised of the proper legal standard, and the omission of this "reasonable hypothesis" phrase from the circumstantial evidence charge did not affect the burden of proof. Accordingly, we find no error.

Nonetheless, although neither the requested charge nor the charge actually given by the trial court in this case lowered or shifted the burden of proof, we think the better rule is posited in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). In *Holland,* the Court held, if a proper reasonable doubt instruction is given, a jury need not be instructed that circumstantial evidence must be so strong as to exclude every reasonable hypothesis other than guilt. Several jurisdictions have adopted this rule. *See United States v. Russell,* 971 F.2d 1098 (4th Cir.1992), *cert. denied,* 506 U.S. 1066, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993) (no special circumstantial evidence instruction is needed); *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970) (eliminating the "reasonable hypothesis" charge so long as a correct reasonable doubt charge is given); *State v. Wilkins,* 215 Kan. 145, 523 P.2d 728 (1974) (overruling prior cases requiring a special circumstantial evidence charge); *State v. Adcock,* 310 N.C. 1, 310 S.E.2d 587 (1984) (no reasonable hypothesis instruction required when a correct instruction on reasonable doubt is given).

■ Therefore, in a criminal case relying in whole or in part on circumstantial evidence, once a proper reasonable doubt instruction is given, we recommend the jury be instructed as follows:

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain

of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find [the defendant] not guilty.

1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 12.04 (4th ed.1992).

For reasons stated, we AFFIRM.

MOORE and WALLER, JJ., concur.

TOAL, J., and FINNEY, C.J., concur in separate opinion.

TOAL, Justice, concurring.

I agree with the majority's decision to affirm Grippon's conviction for voluntary manslaughter, but see no need to recommend an entirely new circumstantial evidence charge. Accordingly, I concur in result only.

As the majority notes, the charge requested by Grippon correctly stated the law. The language concerning the necessity that the circumstantial evidence "point conclusively to the guilt of the accused *to the exclusion of every other reasonable hypothesis*" does not shift the burden of proof to the defendant. *State v. Raffaldt*, 318 S.C. 110, 456 S.E.2d 390 (1995), and *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991), *cert. denied*, 503 U.S. 914, 112 S.Ct. 1282, 117 L.Ed.2d 507 (1992), disapproved of circumstantial evidence charges requiring the jury to seek explanations for the circumstantial evidence other than the guilt of the accused and to find the accused not guilty if such a reasonable explanation could be found. We have held that a charge requiring the jury to "seek" explanations for the circumstantial evidence "turns the State's burden of proof on its head by requiring the jury find a 'reasonable explanation' of the evidence inconsistent with appellant's guilt before it can find him not guilty." *Manning*, 305 S.C. at 417, 409 S.E.2d at 374. However, we have never held the language "to the exclusion of every other reasonable

hypothesis" is constitutionally infirm, and I do not think it is. The majority opinion should not be read to condemn such a charge.

Although the majority states South Carolina's traditional circumstantial evidence charge remains correct, it nevertheless recommends trial courts discontinue use of that charge in favor of the one recommended in *Federal Jury Practice and Instructions*. Unlike the majority, I do not believe trial judges should abandon South Carolina's traditional charge as described in *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888, *cert. denied*, 493 U.S. 895, 110 S.Ct. 246, 107 L.Ed.2d 196 (1989). In *Edwards*, we cited the following charge as part of an appropriate circumstantial evidence charge:

> every circumstance relied upon by the State [must] be proven beyond a reasonable doubt; and ... all of the circumstances so proven [must] be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. It is not sufficient that they create a probability, though a strong one and if, assuming then to be true they may be accounted for upon any reasonable hypothesis which does not include the guilt of the accused, the proof has failed.

*Edwards*, 298 S.C. at 275, 379 S.E.2d at 889 (citing *State v. Littlejohn*, 228 S.C. 324, 89 S.E.2d 924 (1955)); *see also State v. Harry*, 321 S.C. 273, 468 S.E.2d 76 (Ct.App.)(finding no error in circumstantial evidence charge nearly identical to that given in *Edwards*), *cert. denied* (1996).

Relying on *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the federal courts and a majority of state courts have abandoned the "reasonable hypothesis" language in favor of an approach that does not differentiate between direct and circumstantial evidence, but simply provides that a defendant's guilt must be proven beyond a reasonable doubt.[1] As some legal scholars have noted, howev-

---

1. For an extensive discussion of the rejection of the "reasonable hypothesis" language in favor of the standard espoused in *Holland,* see Irene Rosenberg & Yale Rosenberg, *"Perhaps What Ye Say Is Based Only On Conjecture"—Circumstantial Evidence, Then and Now,* 31 Hous. L. Rev. 1371 (1995)(hereinafter referred to as Rosenberg). For a

er, the widescale abandonment of the special circumstantial evidence charge has resulted mostly from a "bandwagon effect" following *Holland*, rather than from a reasoned rejection of the longstanding rule. *See* Rosenberg at 1402 ("While several of the state courts substituting *Holland* for the common law rule have done so in detailed, analytical opinions, for the most part the old rule seems to be the victim of the bandwagon effect. Many of the states following *Holland* do so without meaningful discussion of the issues presented, merely citing the Supreme Court decision, quoting its final conclusory paragraphs, and pointing to the growing number of states that have already eliminated the cautionary charge.") In contrast, many of the courts that have bucked the national trend have advanced cogent reasons for retaining the special circumstantial evidence charge.

For example, in *People v. Ford*, 66 N.Y.2d 428, 497 N.Y.S.2d 637, 488 N.E.2d 458 (1985), the New York Court of Appeals articulated the rationale for requiring a "reasonable hypothesis" circumstantial evidence charge. Notably, that court's explanation did not suggest that the charge was necessary because of the alleged weakness of circumstantial evidence as compared with direct evidence.[2] The court instead reasoned that the reasonable hypothesis charge highlighted the fact that

---

list of the states that no longer require a mandatory circumstantial evidence charge, see Rosenberg at 1427 n.121.

**2.** Many courts specifically abandoning the special circumstantial evidence charge have argued that such a charge is based on the notion that circumstantial evidence is inherently less reliable than direct evidence. For example, in *State v. Gosby*, 85 Wash.2d 758, 539 P.2d 680, 685 (1975), the Washington Supreme Court abandoned the special circumstantial evidence charge, reasoning that the rationale underlying the requirement of a special charge "is predicated upon the assumption that circumstantial evidence is inherently suspicious and less trustworthy than is direct evidence." Finding it "untenable to assume that circumstantial evidence is less reliable than is direct evidence," the Washington court concluded, based on that fact, that "there is no need to give the multiple-hypothesis instruction when circumstantial evidence is involved." *Id. See also State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, 501 (1991)(citing *Holland* and *Gosby* for proposition that special circumstantial evidence charge is premised on distrust of circumstantial evidence as compared to direct evidence); *State v. Derouchie*, 140 Vt. 437, 440 A.2d 146 149 (1981)("[T]he 'exclusion of every reasonable hypothesis of innocence' test is premised upon a now suspect distrust of circumstantial evidence.").

"proof by circumstantial evidence may require careful reasoning by the trier of facts." *Id.* at 644–645, 488 N.E.2d at 465. By emphasizing the need for careful reasoning, the special circumstantial evidence charge "forecloses [the] danger ... that the trier of facts may leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree." *Id.*

Similarly, the Idaho Court of Appeals in *State v. Nelson,* 112 Idaho 245, 731 P.2d 788 (App. 1986), *aff'd,* 114 Idaho 292, 756 P.2d 409 (1988), rejected the State's argument that the "reasonable hypothesis" language was confusing to juries and should be abandoned, That court concluded the "reasonable hypothesis" instruction gave "sharpened clarity" to the meaning of reasonable doubt in a circumstantial evidence case. *Id.* 731 P.2d at 794. The court acknowledged such an instruction "may force a jury to think carefully about its choices of inferences," but found that "wholly appropriate where life or liberty nay turn on the inferences drawn," *Id. See also, e.g., Nichols v. State,* 591 N.E.2d 134 (Ind. 1992)(requiring special circumstantial evidence charge where the evidence presented at trial is solely circumstantial); *State v. Captville,* 448 So.2d 676 (La. 1984)(quoting Louisiana statute giving defendant the right in cases involving circumstantial evidence to a special circumstantial evidence charge stating that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence).

Finally, in their law review article concerning this very issue,[3] Irene and Yale Rosenberg have argued the traditional charge provides valuable information that jurors need in order to accurately analyze circumstantial evidence. Like the New York Court of Appeals in *People v. Ford,* these scholars find that the justification for the charge is not a difference in probative value between direct and circumstantial evidence, but a difference in the necessary methods for evaluating the evidence:

> In effect, analysis of circumstantial evidence is a more intellectual process, requiring jurors to engage in lawyer-like scrutiny and forcing them to see both sides. After

---

3. *See supra* note 1.

concluding that a particular fact is true, the individual juror is called upon to ask: First, can I infer guilt from that fact? Second, if so, is there any reasonable explanation other than guilt? This process may prevent the jurors individually and collectively from deciding the case on a more emotional and intuitive basis. Consequently, a cautionary charge with respect to circumstantial evidence provides a framework channeling the jury's deliberative process along more rational lines.

The reasonable doubt charge, on the other hand, does not direct the jury's attention to the appropriate manner in which to evaluate evidence. Instead, it permits the finder of fact to make a cumulative, comprehensive assessment of the probative value of all the evidence adduced at trial. To be sure, the concept of reasonable doubt embodies rationality, but it is not method oriented. It does not describe with any degree of precision the process the jury is to employ in reaching its ultimate conclusion. Thus, assuming as we must that jurors do in fact listen special circumstantial evidence charge, rather than being "confusing and incorrect," complements an instruction properly defining reasonable doubt ... by delineating the appropriate basis for assessing circumstantial evidence and reaching the determination that guilt has or has not been established beyond a reasonable doubt.

Rosenberg at 1412–13.

I agree with the logic of *Ford, Nelson,* and the Rosenberg article. This Court should retain the *Edwards* charge because juries need more detailed information about the relation of circumstantial evidence to determination of guilt than the majority's suggested instruction provides. The question is not whether circumstantial evidence carries the same probative weight as direct evidence; of course it does. Rather, the question is the proper means for evaluating circumstantial evidence and how trial courts may best help juries understand their responsibilities. In my opinion, the *Edwards* charge clarifies the jury's responsibility to evaluate circumstantial evidence carefully.

I acknowledge the special circumstantial evidence charge is an endangered species in the state courts of our nation and is

extinct at the federal level. That having been said, I think we shall lose more than we gain if we abandon the traditional charge. Accordingly, I concur.

FINNEY, C.J., concurs.