THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jerry Stukins,       
Appellant.
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion 
 No. 2003-UP-549
Submitted July 15, 2003  Filed September 
 25, 2003

AFFIRMED

 
 
 
Randall K. Mullins and Elizabeth J. Saraniti, of North 
 Myrtle Beach, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; 
 and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Jerry Stukins was convicted of homicide by child abuse.  
 He was sentenced to twenty years, suspended upon the service of fifteen years.  
 On appeal, Stukins argues the trial court erred in failing to grant his motion 
 for a directed verdict.  We affirm [1] pursuant to S.C. Code Ann. § 
 14-8-250 (Supp. 2002), Rule 220(b), SCACR, and the following authorities:  State 
 v. Parler, 217 S.C. 24, 59 S.E.2d 489 (1950) (holding, under former Circuit 
 Court Rule 76, the denial of the defendants directed verdict motion was not 
 preserved for appeal where he failed to renew the motion after presenting evidence); 
 Note to Rule 19, SCRCrimP (stating the rule is substantially the substance 
 of Circuit Court Rule 76); State v. Adams, 332 S.C. 139, 144, 504 S.E.2d 
 124, 126-27 (Ct. App. 1998) (finding appellants directed verdict motion was 
 not preserved where the argument raised on appeal was not presented to the trial 
 court, and [m]oreover, the record does not reflect that Adams renewed the motion 
 at the close of his case) (citing, inter alia, State v. Parler, 217 
 S.C. 24, 59 S.E.2d 489 (1950) and the Note to Rule 19, SCRCrimP); State v. 
 Harry, 321 S.C. 273, 277, 468 S.E.2d 76, 79 (Ct. App. 1996) (A motion 
 for a directed verdict made at the close of the [states] case is not sufficient 
 to preserve error unless renewed at the close of all the evidence, because once 
 the defense has come forward with its proof, the propriety of a directed verdict 
 can only be tested in terms of all the evidence.) (alteration in original); 
 Rule 208(b)(4), SCACR (The brief shall contain references to the transcript, 
 pleadings, orders, exhibits, or other materials which may be properly included 
 in the Record on Appeal . . . to support the salient facts alleged. References 
 shall also be made to where relevant objections and rulings occurred in the 
 transcript.).
 AFFIRMED.
 HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.