THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
William Joseph Blom, Appellant.
 
 
 

Appeal From Horry County
Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2004-UP-622
Submitted December 1, 2004  Filed December 
 10, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender 
 Robert M. Dudek, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 Assistant Attorney General Derrick K. McFarland, all of Columbia; and Solicitor 
 John Gregory Hembree, of Conway; for Respondent.
 
 
 

PER CURIAM:  William Joseph Blom appeals his murder conviction, arguing 
 the trial court erred in refusing his requested jury charge on circumstantial 
 evidence.  We affirm. [1] 
BACKGROUND
Lance Neal was at a bar with friends when he received a phone call.  When the 
 call ended, he said it was from Blom.  Neal said he was going out behind a nearby 
 restaurant to have a man on man fight with Blom over Bronna Miller, Bloms 
 girlfriend and the mother of Neals child.  One of Neals friends tried unsuccessfully 
 to dissuade him, noting Blom owned a gun.  Outside, Neal was seen sitting 
 in a car with Blom.  The two then got out of the car and were talking.  One 
 State witness testified the two tussled.  Witnesses then heard several shots 
 and saw Neal run away and Blom drive away.  Another bystander saw Neal running 
 after the shots were fired and saw him collapse.  One of Neals friends 
 ran down and found him lying in a pool of blood.  Neal died as a result 
 of a gunshot wound to the chest. 
After the shooting, an officer looking for Bloms car encountered 
 John Poston, who said he had seen a man driving a car fitting that description.  
 Poston said the man stopped the car, got out, squatted down, and extended his 
 hand into some brush on the side of the road.  Poston showed the officer the 
 location, and police found a gun there, hidden under some pine straw.  
The defense asserted Blom shot Neal in self-defense.  The 
 defense introduced testimony that Neal was threatening Blom at the scene, that 
 Neal had been drinking and was a mean drunk, and that he liked to fight and 
 had a reputation for violence and aggression.  Blom, in contrast, was a perfect 
 gentleman.  The defense also offered evidence that during the incident, Bloms 
 shirt was torn, his necklace was broken and ripped off, and his body was bruised 
 and scratched.  
LAW/ANALYSIS
Blom argues the trial court erred in refusing to issue the State 
 v. Edwards circumstantial evidence instruction.  He contends because there 
 was only circumstantial evidence of the exact nature of the confrontation and 
 murder, voluntary manslaughter, and self-defense were jury options, the court 
 should have instructed the jury that it could find him guilty of murder only 
 if the evidence pointed conclusively to his guilt to the exclusion of every 
 other reasonable hypothesis.  We find no error.
The evidence presented at trial determines the law to be charged 
 to the jury.  State v. Taylor, 356 S.C. 227, 231, 589 S.E.2d 1, 3 (2003).  
 The trial court is only required to charge the current and correct law and a 
 charge that correctly defines the law when read as a whole is proper.  State 
 v. Burkhart, 350 S.C. 252, 261, 565 S.E.2d 298, 302 (2002).
Here, Blom does not dispute the charge issued is essentially the 
 one announced and recommended by our supreme court in State v. Grippon, 
 327 S.C. 79, 489 S.E.2d 462 (1997).  At trial Blom requested the traditional 
 circumstantial charge from State v. Edwards, 298 S.C. 272, 379 S.E.2d 
 888 (1989) and State v. Littlejohn, 228 S.C. 324, 89 S.E.2d 924 (1955).  
 Specifically, he wanted the language that all of the circumstances when taken 
 together must point conclusively to the guilt of the accused to the exclusion 
 of every other reasonable hypothesis.  Edwards, 298 S.C. at 275, 379 
 S.E.2d at 889.  On appeal, he argues that because of the abundance of evidence 
 of a confrontation and the sketchy eyewitness accounts, the court should have 
 issued an Edwards instruction.  However, in Grippon, our supreme 
 court affirmed a trial courts refusal to charge the language in question.  
 In Grippon, the appellant argued the trial courts omission of the reasonable 
 hypothesis language impermissibly lowered the level of proof required for the 
 jury to find him guilty.  Although the trial court incorrectly believed the 
 language had been disapproved, the supreme court noted because the charge given 
 otherwise fully covered the law of circumstantial evidence and the trial court 
 correctly defined reasonable doubt, omission of the reasonable hypothesis language 
 did not affect the burden of proof.  Grippon, 327 S.C. at 82-83, 489 
 S.E.2d at 463-64.  The supreme court then announced a new recommended charge, 
 which does not contain the reasonable hypothesis language.  Id. at 
 83-84, 489 S.E.2d at 464.  Both the Grippon charge and the Edwards 
 charge were proper in South Carolina at the time of Bloms trial.  See 
 State v. Needs, 333 S.C. 134, 155-56 & n.13, 508 S.E.2d 857, 868 
 & n.13 (1998). [2]   Because 
 the trial court here charged the jury with an approved circumstantial evidence 
 charge and, as in Grippon, correctly defined reasonable doubt, we find 
 no error.  State v. Manning, 305 S.C. 413, 417, 409 S.E.2d 372, 375 (1991) 
 (announcing recommended reasonable doubt instruction), abrogation in part 
 on other grounds recognized by Todd v. State, 355 S.C. 396, 585 S.E.2d 
 305 (2003).  
AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ., concur.

 
 [1] 
        We decide this case without oral argument pursuant to Rule 215, SCACR.

 
 [2]         
 For the current law on circumstantial evidence jury charges, see State 
 v. Cherry, Op. No. 25902 (S.C. Sup. Ct. filed Nov. 29, 2004) (Shearouse 
 Adv. Sheet No. 46 at 24).