THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Farm Bureau Mutual Insurance Company, Respondent,
 v.
 South Carolina Bank and Trust f/k/a First National Bank, Michael G. Lee and Cheri B. Lee, Defendants, 
 Of whom Cheri B. Lee is Appellant.
 
 
 

Appeal From Orangeburg County
 Olin  D.  Burgdorf, Master-In-Equity

Unpublished Opinion No. 2007-UP-051
Submitted January 1, 2007  Filed February 7, 2007

AFFIRMED

 
 
 
 Heath Preston Taylor, of West Columbia, for Appellant.
 G.D. Morgan, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this declaratory judgment action, Cheri B. Lee appeals the masters holding that she was not entitled to recover insurance proceeds under a homeowners policy issued by South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) because the fire that damaged the home was intentionally set by Michael Lee, a named co-insured.  We affirm.[1]
FACTS
This case was tried on stipulated facts agreed to by the parties, and the salient facts follow.  Michael and Cheri Lee resided at 3470 Timberline Drive in Orangeburg (the insured residence).  Farm Bureau insured the residence under a homeowners policy listing both Michael and Cheri Lee as named insureds.  Under the definitions section of the policy, you and your refer to the named insured and the spouse, if the spouse is a resident of the same household.  The policy contained the following exclusions:

 We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
 Intentional loss, meaning any loss arising out of any act committed:
 a.  By or at the direction of any insureds; or
 b. With the intent to cause a loss; or
 c.  In a domestic dispute between insureds, family members, or others

Under Conditions, the policy provides as follows:

 Intentional Loss.  If you or any person insured under this policy causes or procures a loss of property covered under this policy for the purpose of obtaining insurance benefits, then the policy is void and we will not pay you or any other insured for this loss.
 Concealment or Fraud.  If you or any other insured under this policy has intentionally concealed or misrepresented any material fact of circumstance, or made false statements or engaged in fraudulent conduct relating to this insurance, whether before or after a loss, then this policy is void to you and any other insured.

On October 8 and 15, 2001, Mr. Lee intentionally set fire to two homes in the Orangeburg area, neither of which was the insured residence.  Then, on November 4, 2001, law enforcement officers observed Mr. Lee intentionally setting fire to the insured residence.  Mr. Lee was subsequently arrested in conjunction with all three intentional fires.  On November 30, 2001, Mr. Lee was released on bond subject to electronic monitoring.[2]  While Mr. Lee was out on bond, the insured residence was again intentionally set on fire on December 12, 2001.  At the time of this fire, the electronic monitoring devices on Mr. Lees leg and in his residence had been tampered with and disabled.  Mr. Lee was arrested and charged in connection with this fire.  
Mr. Lee pled guilty to the intentional fire at the insured residence on November 4, 2001, as well as the two intentional fires in October 2001.  As a result of his guilty pleas to the three prior fires, the charge for the December 12, 2001 fire at the insured residence was nolle prossed.  Mr. Lee received fifteen years confinement for arson.  Farm Bureau admitted Cheri Lee was not involved in the intentional setting of any of Mr. Lees fires.  
Farm Bureau filed a declaratory judgment action seeking an order from the trial court declaring that Farm Bureau does not owe any proceeds under the insurance policy on the insured residence to either Michael or Cheri Lee.  Ms. Lee counterclaimed for coverage under the policy, arguing she was an innocent co-insured.[3]  The matter was referred to a master-in-equity who denied coverage to Ms. Lee on the grounds that the policy precluded any recovery because the other named insured, Michael Lee, intentionally set fire to the insured residence on December 12, 2001.  Ms. Lee filed a Rule 59(e), SCRCP, motion requesting the master to rule on whether Farm Bureau had proven Mr. Lees motive in setting the fire of December 12 as required in a civil arson action under Carter v. American Mutual Fire Ins. Co., 297 S.C. 218, 220, 375 S.E.2d 356, 357 (Ct. App. 1988).  The master issued an amended order finding, in addition to what was contained in the first order, that even if motive was required, Farm Bureau had met its burden and proved all the elements of civil arson.  This appeal followed.
STANDARD OF REVIEW
Declaratory judgment actions are neither legal nor equitable; therefore, the standard of review depends on the nature of the underlying issues.  Campbell v. Marion County Hosp. Dist., 354 S.C. 274, 279, 580 S.E.2d 163, 165 (Ct. App. 2003).  When the purpose of the underlying dispute is to determine whether coverage exists under an insurance policy, the action is one at law.  Horry County v. Ins. Reserve Fund, 344 S.C. 493, 497, 544 S.E.2d 637, 639-40 (Ct. App. 2001).  In an action at law, on appeal of a case tried without a jury, findings of fact of the trial judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judges findings.  Townes Assoc. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  When an appeal involves stipulated or undisputed facts, an appellate court is free to determine if the trial judge properly applied the law to the facts.  In re Estate of Boynton, 355 S.C. 299, 301, 584 S.E.2d 154, 155 (Ct. App. 2003).  In such a situation, the appellate court does not have to defer to the trial judges findings.  Id. at 301-02, 584 S.E.2d at 155.  
LAW/ANALYSIS
Cheri Lee argues that as an innocent co-insured she was entitled to receive the insurance proceeds from her policy with Farm Bureau.  Specifically, she alleges the trial court erred in holding that she was not entitled to recover insurance proceeds because Farm Bureau failed to satisfy the elements of civil arson as set forth in Brown v. Allstate Ins. Co., 344 S.C. 21, 25, 452 S.E.2d 723, 725 (2001), and Carter v. American Mutual Fire Ins. Co., 297 S.C. 218, 220, 375 S.E.2d 356, 357 (Ct. App. 1988).  On appeal, Ms. Lee concedes the record contains ample evidence that the fire was of incendiary origin, and that Michael Lee had the opportunity to start the fire of December 12; accordingly, she only contends the trial court erred in finding Farm Bureau established motive.[4]  We disagree.
In this matter, Farm Bureau was not required to prove the motive of Michael Lee because Farm Bureau did not rely on the common law defense of civil arson; rather, Farm Bureau relied on the specific policy exclusion contained in Michael and Cheri Lees homeowners policy to deny coverage.  As a result, the cases relied upon by Ms. Lee are inapplicable to this situation.  Brown and Carter only addressed the common law defense of civil arson; neither based a decision upon the insurance policys intentional loss exclusion or the fraud and concealment exclusion that Farm Bureau relied upon in this action.[5]  
Accordingly, we find South Carolina Farm Bureau Mut. Ins. Co. v. Kelly, 345 S.C. 232, 547 S.E.2d 871 (Ct. App. 2001), controlling in this matter.  In Kelly, the named insureds son set a series of three fires at the insured residence causing significant damage to the home.  Id. at 235, 547 S.E.2d at 873.  Farm Bureau paid over $100,000 in insurance proceeds to the father after the first two fires, but after the third fire, the son admitted to intentionally setting all three fires.  Id.  Thereafter, Farm Bureau filed an action to recover the proceeds paid to father.  Id.  The father argued that even though his son was a named insured under the policy the father, as an innocent co-insured, should be allowed to recover under the policy.  Id. at 239, 547 S.E.2d at 875.  This court relied solely on the policy language to deny coverage to father even though he was an innocent co-insured.  Id.  The policy in Kelly denied coverage for any act committed by or at the direction of any insured with the intent to cause a loss.  It also provided that if a named insured or any person under the policy caused or procured a loss to the property, then the policy was void.  The policy also contained a concealment or fraud provision that could void the policy.  The language used in the Kelly policy is identical to the language in this action.  Therefore, Ms. Lees status as an innocent co-insured is immaterial, and the trial court properly found Ms. Lee was not entitled to recover under the Farm Bureau policy on the insured residence.  
CONCLUSION
Based on the foregoing, the order of the trial court finding Cheri Lee is not entitled to any insurance proceeds is hereby
AFFIRMED.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ.,  concur,

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] An electronic transmitter was placed on Mr. Lees leg, and an electronic receiver was installed at his current residence.  
[3] Mr. Lee neither filed a claim with Farm Bureau for proceeds nor did he counterclaim for coverage.
[4] Our courts have held that in order to deny coverage based on the common law defense of civil arson, an insurance company must prove that the fire was of an incendiary origin, as well as that the party had the opportunity and motive to set the fire.  Brown, 344 S.C. at 25, 452 S.E.2d at 725; Carter, 297 S.C. at 220, 375 S.E.2d at 357.  
[5] Moreover, even if Farm Bureau relied on the common law defense of civil arson, sufficient evidence of motive exists to support the finding of the trial court.