THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 David Wayne Zitcovich, Appellant.
 
 
 

Appeal From York County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2011-UP-286   
 Submitted June 1, 2011  Filed June 13,
2011

AFFIRMED

 
 
 
 Appellate Defender Lanelle Durant, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark Farthing, all of Columbia; and
 Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  David Wayne Zitcovich appeals his convictions on five
 counts of indecent exposure, arguing the trial court erred in denying his
 motion to sever the consolidated case.  We affirm.[1]
In 2008, Zitcovich was
 indicted on five counts of indecent exposure stemming from a series of
 incidents during the summer of 2007.  Five teenage girls accused Zitcovich of
 exposing his genitalia while he was giving them driving lessons.  During
 pretrial motions, Zitcovich moved to sever the consolidated case and try each
 of the five cases independently.  Following arguments from counsel and a
 hearing, the trial court denied Zitcovich's motion.
"Generally, when
 offenses charged in separate indictments are of the same general nature
 involving connected transactions closely related in kind, place, and character, the trial [court] has the discretion
 to order the indictments tried together, but only so long as the defendant's
 substantive rights are not prejudiced."  State v. Cutro, 365 S.C.
 366, 374, 618 S.E.2d 890, 894 (2005) (citations omitted).
The trial court did not abuse
 its discretion in denying the motion to sever because the incidents giving rise
 to the five indictments "(1) arose out of a single chain of circumstances,
 (2) are proved by the same evidence, (3) are of the same general nature, and
 (4) no real right of [Zitcovich was] prejudiced."  State v. Tucker,
 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) (citations omitted).  The
 incidents were of the "same general nature involving connected
 transactions closely related in kind, place, and character." Cutro,
 365 S.C. at 374, 618 S.E.2d at 894 (citations omitted).  The incidents occurred
 in the same manner, over the course of several months, to five similarly aged
 and situated victims, while alone with Zitcovich in his car.  See State
 v. Grace, 350 S.C. 19, 23-24, 564 S.E.2d 331, 333-34 (Ct. App. 2002)
 (holding consolidation of charges was proper when all the sexual abuse incidents
 occurred between the same parties and took place in the same location over the
 course of several months and the evidence showed a pattern of sexual abuse that
 was essentially the same for all of the charges).
Zitcovich's right to a fair
 trial was not jeopardized by trying the cases together.  The trial court
 correctly decided that all of the victims' testimony could come in to describe
 Zitcovich's prior bad acts because they showed a common scheme or plan, intent,
 and the absence of mistake.  Rule 404(b), SCRE.  Because such acts would be
 permitted into evidence regardless of whether the cases were severed, Zitcovich
 would have faced the collective testimony of all five victims in each
 individual trial.  See State v. Harry, 321 S.C. 273, 278 n.2, 468
 S.E.2d 76, 79-80 n.2 (Ct. App. 1996) (observing no right of the defendant was
 jeopardized by denial of a severance motion because, even if the motion had
 been granted, much of the evidence of other related crimes would have been
 admissible under Rule 404(b), SCRE).  Accordingly, the trial court did not err
 in denying Zitcovich's motion to sever the consolidated case.
AFFIRMED.
HUFF, WILLIAMS, and
 THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.