**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Fred Madden, Appellant.

Appellate Case No. 2011-199606

———————————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-032
Submitted November 1, 2013 – Filed January 22, 2014

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Melody Jane Brown, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (holding the trial court "'is required to charge only the current and correct law of

South Carolina'" (quoting *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004))); *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009) ("A trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *State v. Logan*, 405 S.C. 83, 93, 747 S.E.2d 444, 449 (2013) (rejecting the appellant's argument that the utilization of the *Edwards*[1] circumstantial evidence charge in *State v. Bostick*[2] and *State v. Odems*[3] implied the *Edwards* charge was still good law, reasoning "*Bostick* and *Odems* analyzed the standard relied on by the trial court in assessing circumstantial evidence, and not the standard relied on by jurors").

**AFFIRMED.**[4]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] *State v. Edwards*, 298 S.C. 272, 275, 379 S.E.2d 888, 889 (1989).
[2] 392 S.C. 134, 708 S.E.2d 774 (2011).
[3] 395 S.C. 582, 720 S.E.2d 48 (2011).
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.