23524

The STATE, Respondent v. Kim LOPEZ, Appellant.

(412 S.E. (2d) 390)

Supreme Court

*Anna M. Timothy*, of Rock Hill, and *S.C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. E. Jean Howard,* Columbia, and *Sol. C. Gordon McBride,* Hartsville, *for respondent.*

Heard Sept. 23, 1991.

Decided Dec. 9, 1991.

TOAL, Justice:

Appellant Kim Lopez was convicted of murdering her three-year-old stepson. She appeals her conviction. The primary issues presented are (1) whether her right to confrontation was violated by her exclusion from the competency hearing; (2) whether her right to confrontation was violated at the trial when she was required to sit out of the line of sight of the children witnesses; and (3) whether the "battered child syndrome" and "shaken child syndrome" evidence was admitted in error. We affirm.

## FACTS

Lopez and her husband had physical custody of her husband's three sons from a previous marriage. The boys were seven (7), five (5) and three (3) years old. At trial, the State intended to call the older surviving brothers to testify regarding Lopez's abuse of the youngest boy. A pretrial hearing was conducted to determine the boy's competency and the necessity of instituting some procedure to prevent the children from being able to see Lopez as they testified. Lopez was excluded from this hearing. At the hearing, the oldest child was questioned regarding his competency by the judge and both attorneys. Then the trial judge questioned him about his fears of testifying. As is typical of this age, he denied being afraid of anyone. The trial judge then made a tentative ruling that Lopez would be allowed in the courtroom as the child testified, but out of the child's line of sight. The solicitor without objection informed the court that at least two psychologists had interviewed the boys and indicated the children were fearful of testifying in the presence of Lopez. The middle child was then questioned regarding his competency. The

court held he was competent but would also testify with Lopez out of his line of sight.

A letter was admitted into evidence by a psychologist. The essence of the letter was that the psychologist had evaluated both boys and found them fearful and traumatized by their experiences in South Carolina with Lopez and their father. He suggested they not testify but opined that if they did, appropriate safeguards should be put into place. This letter was objected to but no grounds for the objection were stated. The admission of this letter is not raised on appeal.

At trial, Lopez was seated just out of the children's sight as they testified. After they testified, Lopez stood and they identified her.

During the trial, several medical experts testified as to the cause of the victim's injuries and death. The pathologist who performed the autopsy testified at great length regarding the specific injuries he observed. Based on these injuries, he concluded the child was a "battered child" and this was the cause of the child's death. The neurosurgeon who performed surgery on the child immediately prior to his death testified he observed small hemorrhages in the retina of the child's eyes which were indicative of the "shaken baby syndrome." The neurosurgeon then explained the syndrome fully to the jury. Lopez contends this testimony was admitted in error because this state has not formally recognized "battered child syndrome" or "shaken baby syndrome."

## DISCUSSION

### Confrontation Issues

As to Lopez's exclusion from the pretrial hearing to determine the competency of children witnesses and the necessity of them testifying with Lopez out of the line of sight, we hold there was no violation of her right to confrontation.

The United States Supreme Court held in *Kentucky v. Stincer*, 482 U.S. 730, 107 S. Ct. 2658, 96 L. Ed. (2d) 631 (1987), a defendant's right to confrontation does not extend to a competency hearing. This court has also recently held a defendant's right to confrontation is not violated when he or she is excluded from the hearing to determine when a young child is called to testify. *Starnes v.*

*State,*—S.C. —,— S. E. (2d) —, Op. No. 23444 (S.C. Sup. Ct. filed December 2, 1991).

Lopez attempts to distinguish her case from *Stincer* and *Starnes* by the fact that the children were asked questions related to the abuse inflicted on the victim. In *Stincer,* the United States Supreme Court noted due process requires the defendant to be allowed to be present if his or her presence would contribute to the fairness of the procedure. The Court intimated that a competency hearing in which a witness is asked to discuss upcoming substantive testimony might bear a substantial relationship to a defendant's opportunity to better defend himself at trial. Thus, it may raise a due process concern. *Stincer,* 482 U.S. at 746 n. 20, 107 S. Ct. at 2667-8 n. 20, 96 L. Ed. (2d) at 648 n. 20. However, in the instant case, we would note that no objection was made at the time these questions were asked, therefore, Lopez has failed to preserve this issue on appeal. Further, although the due process right to be present is a substantial one, no presumption of prejudice arises from a defendant's exclusion. *State v. Whaley,* 290 S.C. 463, 351 S. E. (2d) 340 (1986). Lopez has not asserted any prejudice that resulted from her exclusion at this hearing.

At trial, Lopez was seated at the far end of the defense table where the children could not see her as they testified. The confrontation clause does not give the defendant an absolute right to a face-to-face meeting with the witnesses presented at trial. *Maryland v. Craig,* — U.S. —, 110 S.Ct. 3157, 111 L. Ed. (2d) 666 (1990). If the State makes an adequate showing of necessity, the State interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits the child witness to testify in the absence of a face-to-face confrontation with the defendant. *Id.,* — U.S. at —, 110 S. Ct. at 3169, 111 L.Ed.2d at 685. This court has upheld the use of videotape testimony provided a case specific determination of necessity is made. *State v. Cooper,* 291 S. C. 351, 353 S. E. (2d) 451 (1987) (in camera testimony from the child and her mother related the child's fear of the defendant was adequate); *cf. State v. Rogers,* 293 S. C. 505, 362 S. E. (2d) 7 (1987) (general remarks about children feeling uncomfortable testifying in open court are inadequate). In *State v. Murrell,* 302 S. C. 77, 393 S. E. (2d) 919 (1990), we suggested ex-

pert testimony should be utilized when possible and the trial judge should also personally interview the child.

In this case, the children had been returned to their mother in Connecticut prior to trial. A letter from a psychologist was admitted and the solicitor testified without objection that another expert has also concluded the children would be traumatized by testifying in front of Lopez. The children were personally interviewed by the trial judge. Although the oldest child denied fear, the trial judge also had the benefit of observing both children and their demeanor. We find there is adequate evidentiary support for the trial court's finding of the necessity of instituting a procedure to prevent the children witnesses from testifying while face-to-face with Lopez.

The procedure used here has not been approved by this court previously, however, we do not find it violates Lopez's right to confrontation. The trial judge adequately explained the seating arrangement to the jury and instructed them that no inference was to be drawn from it. Furthermore, the defendant was advised of her right to use videotape testimony on several occasions. Her refusal to accept this alternative indicates the procedure used was preferable to her.

## Battered Child and Shaken Baby Syndrome Evidence

Lopez asserts that this evidence was admitted in error because this court has not recognized these two syndromes as accepted medical diagnoses in the state. We now take this opportunity to do so. Under the South Carolina Rules of Criminal Procedure, Rule 24, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Frequently, the diagnosis of a victim's injuries and the determination of the cause of those injuries based on the symptoms is manifestly beyond the ability of the average trier of fact. Therefore, a qualified expert opinion is often essential for the trier of fact to connect the physical findings to a cause.

This Court has held that testimony relating to the *behavioral* characteristics of abused children is not admissible to bolster a child's testimony that a crime actually occurred. *State v. Hudnall,* 293 S.C. 97, 359 S.E. (2d) 59 (1987). The rationale for its inadmissibility is that the behavioral syndromes were not devised to determine the truth of events leading up to their manifestation but merely to identify emotional problems. *People v. Bledsoe,* 36 Cal. (3d) 236, 681 P. (2d) 291, 203 Cal. Rptr. 450 (1984). It is generally held behavior based syndromes are not sufficiently reliable as scientific evidence to justify their use to prove a crime occurred. *People v. Pullins,* 145 Mich. App. 414, 378 N. W. (2d) 502 (1985).

The evidence offered here is distinguishable from evidence of a behavioral syndrome. The finding of battered child syndrome and shaken baby syndrome is made based on a number of physical findings which are inconsistent with the history of the injuries given by the parents or caretakers. These syndromes have been developed as a result of extensive research and have become accepted medical diagnoses in other jurisdictions. *See People v. Jackson,* 18 Cal. App. (3d) 504, 95 Cal. Rptr. 919 (1971); *State v. McClary,* 207 Conn. 233, 541 A. (2d) 96 (1988); *State v. Dumlao,* 3 Conn. App. 607, 491 A. (2d) 404 (1985); *People v. Henson,* 33 N.Y. (2d) 63, 304 N.E. (2d) 358, 349 N.Y.S. (2d) 657 (1973); *Commonwealth v. Rodgers,* 364 Pa. Super. 477, 528 A. (2d) 610 (1987); *State v. Tanner,* 675 P. (2d) 539 (Utah 1983). We, therefore, conclude that testimony regarding the "battered child syndrome" and the "shaken baby syndrome" is admissible when given by a properly qualified expert and such testimony may support an inference that the child's injuries were not sustained by accidental means.

All other exceptions raised by Lopez are without merit and are dismissed under Rule 220.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.