1940

Jack E. HALL, Respondent v. CLARENDON OUTDOOR
ADVERTISING, INC., Appellant.

(428 S.E. (2d) 1)

Court of Appeals

*Rebecca Laffitte* and *Jane Thompson Davis* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*R. Wright Turbeville* and *Bobbie C. Reaves* of *Land, Turbeville & Parker,* Manning, *for respondent.*

Heard Dec. 8, 1992.

Decided Feb 1, 1993.

SHAW, Judge:

Respondent, Jack E. Hall, brought this action against appellant, Clarendon Outdoor Advertising, Inc., for damages to his automobile sustained from a sign being removed by appellant after Hurricane Hugo struck. Following a jury verdict for Hall, Clarendon appeals. We affirm.

The record reveals as follows. In anticipation of Hurricane Hugo, Hall and his wife left their beach front property and drove to the Comfort Inn in Manning, South Carolina to try to get away from the storm. When the hurricane hit, the Comfort Inn sign came down and was resting on top of the overhang under which the Halls had parked their car. The Halls testified that the wooden structure overhang had caved in but formed a supporting structure around the car and although surrounded by debris, the car was basically undamaged with the exception of some scratches. William Logan, a former employee of the Comfort Inn, testified that "the sign was . . . just resting on top of the car under the debris" and that, other than a lot of scratches, there wasn't any damage to the car. Subsequently, Clarendon was hired by Comfort Inn to remove the sign. In the removal process, the

sign fell and crushed the car.

A key issue during the trial was the amount of damage the car had sustained prior to the removal of the sign. One of the owners of Clarendon testified that he inspected the car prior to removal of the sign and found the back window and driver's side windows broken out and the top of the car pushed in. He stated the car was severely damaged before the sign removal and that they only caused minor damage when they cut the sign down. Clarendon further offered the testimony of Donald Walker, a licensed automobile appraiser, as an expert in the area of vehicle damage and appraisal. Walker attempted to testify as to damage to the car based on several photographs admitted into evidence. Upon Hall's objection, the trial judge ruled Walker could not testify as to the damage to the car based on the pictures. He stated as follows.

> . . . [Y]ou're asking him to look at some pictures that the jury has already looked at and they're just as capable of looking at those pictures as Mr. Walker is.
>
> . . . . .
>
> No, I don't think the pictures are enough to do that. He has to look at the car.
>
> . . . . .
>
> Those are small pictures, it's very difficult to see what's broken and what's not broken. If he has examined the car himself then I'm going to rule that he's qualified to say what damage is done to it.

Clarendon further sought to have the expert testify as to the value of the car "based on the plaintiff's testimony" and "based on the defendant's testimony." The trial judge refused to allow this testimony stating, "That's pitting witnesses against each other." Clarendon then proffered the testimony of Walker that the car was not repairable before Clarendon even proceeded to remove the sign.

Clarendon appeals arguing the trial judge erred in excluding the expert witness' testimony. It first asserts error in the exclusion of the evidence based on the previously admitted testimony of other witnesses. In making this argument, Clarendon relies on Rule 43(m)(2), SCRCP which provides:

> The facts or data in the particular case upon which an ex-

pert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonable relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

In ruling on the admission of this testimony, the trial judge did not find exclusion was necessary because it was based on previous testimony. Rather, he ruled, based on the questions Clarendon proposed to ask, that he would not allow such testimony as it was pitting one witness against the other. Neither at trial nor in its brief does Clarendon argue against this "pitting" ruling. Rather, it argues it was entitled to the admission of this evidence based on Rule 43(m)(2), SCRCP. While evidence may be proper under this rule, it may very well be properly excluded on another basis. Because Clarendon has failed to argue against the basis for the trial judge's ruling, it is the law of the case.

Clarendon next contends the trial judge erred in excluding Walker's testimony of the damage to the car based on photographs admitted into evidence. We disagree. To be competent as an expert, a witness by reason of study or experience or both must possess such knowledge or skill in a business, profession, or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony. *Campbell v. Paschal*, 290 S.C. 1, 347 S. E. (2d) 892 (Ct. App. 1986). It can be implied from the trial judge's ruling that he found Walker was no more qualified to observe damage to the car in the photographs than was the jury. There is no indication Walker possessed a superior knowledge or skill that rendered him any more qualified than the jury to determine damage from the photographs. We find no abuse of discretion in the exclusion of this evidence.

Further, because the jury heard contradictory evidence as to the damage to the car prior to the removal of the sign, we find any error in the exclusion of Walker's testimony was harmless. Accordingly, the judgment below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.