2322

The STATE, Respondent v. James Michael HARRIS, Appellant.

(456 S.E. (2d) 433)

Court of Appeals

*Chief Atty. Daniel T. Stacey*, of *SC Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka*, and *Deputy Atty. Gen. Salley W. Elliott*, Columbia; and *Sol. Walter M. Bailey, Jr.*, Summerville, *for respondent.*

Heard Mar. 7, 1995.

Decided Mar. 27, 1995.

GOOLSBY, Judge:

James Michael Harris appeals his conviction for kidnapping his estranged wife. He claims the trial court erred in excluding the testimony of a mental health worker on his state of mind at the time of the incident and in denying his request to charge the jury that criminal liability required an evil meaning mind and an evil doing hand. We affirm.

The facts are not in dispute. In the summer of 1992, Harris and his wife Lynda began having marital difficulties. Following an apparently unsuccessful attempt at reconciliation, Harris, who had been hospitalized for emotional problems and substance abuse several times before and during his marriage to Lynda, was admitted to the State Hospital twice for treatment. During Harris's second stay at the State Hospital, Lynda advised him she was leaving him but would not disclose where she intended to live.

After Harris left the State Hospital the second time, he made a reservation for two nights under a fictitious name at a mountain lodge in Tennessee. He apparently discovered where Lynda was staying and went to her home in the early morning hours on October 15, 1992. Once he noticed the lights in Lynda's apartment were on, he placed provisions for the trip into the trunk of Lynda's car. Harris also had with him a set of handcuffs, a rope, and a toy gun. He hid in the car trunk and waited for Lynda to enter the car to drive to work that day.

When Lynda started the car, Harris entered the car's interior from the trunk through the back seat. Harris eventually gained control of the car, but Lynda was later able to attract the attention of a police officer by blowing the horn. The police officer called for backup, and another officer arrived within minutes. The police officers charged Harris at the scene with a minor traffic offense, secured his arrest, and took him into custody. After further investigation, the police officers arrested Harris for kidnapping.

## I.

Harris first alleges the trial court erred in excluding testimony from Veronique Aniel, Harris's counselor and case manager at the Dorchester Mental Health Center, concerning her opinion of Harris's state of mind when the incident occurred. He maintains this testimony, if allowed, would have supported a verdict of guilty but mentally ill. We find no error.

Aniel testified before the jury without objection she had been Harris's therapist since September 17, 1992, about one month before the incident in question. She further testified Harris telephoned her October 14, 1992, to reschedule an appointment he had with her October 15, 1992, but since the incident had kept his appointments.

The record reflects a bench conference then took place. The trial court then held an *in camera* hearing in which Harris proffered Aniel's educational and professional credentials and her opinion on Harris's state of mind at the time of the incident. The state objected to this testimony on the ground Aniel had not been qualified as a psychologist or psychiatrist. The trial court sustained the objection, but allowed Harris to present this testimony in the jury's absence for the purpose of proffer.

During the *in camera* hearing, Aniel testified she received a master's degree in clinical counseling from The Citadel, had been working at the Dorchester Mental Health Center for four years, and had been treating Harris for six months as of the time of trial. In response to counsel's question about her opinion of Harris's state of mind at the time of the incident, Aniel stated she thought Harris "was out of control" and "just used very, very poor judgment at that time."

The qualification of an expert witness and the admissibility of the expert's testimony are matters largely within the trial court's discretion. *McMillan v. Durant,* 312 S.C. 200, 439 S.E. (2d) 829 (1993). To present expert testimony, a party must show the witness possesses through either study or experience the knowledge or skill in a business, profession, or science making him or her better qualified than the jury to form an opinion on the particular subject in question. *Hall v. Clarendon Outdoor Advertising, Inc.,* 311 S.C. 185, 428 S.E. (2d) 1 (Ct. App. 1993).

In her testimony, Aniel stated her academic qualifications, the length of her employment at her present position, and the length of time she had been treating Harris. She failed to explain what her training involved or what specific experience, if any, she gained through her employment to enable her to comment on Harris's state of mind at the time of the incident. Under these circumstances, we hold the trial court did not abuse its discretion in refusing to allow the jury to hear Aniel's opinion testimony on Harris's state of mind at time of the incident. *See Howle v. PYA/Monarch,* 288 S.C. 586, 593, 344 S.E. (2d) 157, 160 (Ct. App. 1986) (an expert's qualification to "render an expert opinion" on a subject "must depend upon the nature and extent of his knowledge. . . [and] not upon his claim to [a particular title].").

Even if Aniel had been qualified to give expert testimony on Harris's state of mind at the time of the incident, we hold this testimony would not have supported a verdict of guilty but mentally ill; therefore, the trial court's refusal to allow the jury to hear it did not prejudice Harris. Aniel only vaguely opined Harris's judgement was impaired and he was out of control at the time of the incident. In no way do her statements indicate, as is required for a verdict of guilty but mentally ill, that "because of a mental disease or defect [Harris] lacked sufficient capacity to conform his conduct to the requirements of the law." S.C. Code Ann. § 17-24-10(A) (Supp. 1993). *Cf. State v. Thorne,* 239 S.C. 164, 121 S.E. (2d) 623 (1961) (upholding guilty verdict where there was no testimony the defendant was insane or mentally defective to the extent he did not know right from wrong, notwithstanding testimony he suffered from moody spells and engaged in displays of temper).

## II.

We likewise hold the trial court properly declined Harris's requested charge that criminal liability in this case required an evil meaning mind and an evil doing hand.

The trial court charged in pertinent part:

> The offense of kidnapping has certain elements which constitute or make up the offense. . . . First that the person was seized, confined, inveigled, decoyed, kidnapped, abducted or carried away. . . .
>
> . . . . .
>
> The statute requires that the seizure, the confinement, the inveiglement, decoying, kidnapping, abduction or carrying away be done unlawfully. Something is unlawful when it is done contrary to the law. *A wilful act is an act done voluntarily and intentionally.*
>
> I charge you further that *the State has the burden of proving that a Defendant's intent is a necessary element of the charge of kidnapping.*

(Emphasis added.)

In *State v. Jefferies*, 316 S.C. 13, 15-16, 446 S.E. (2d) 427, 430-31 (1994), the supreme court held the *mens rea* required for the crime of kidnapping as set forth in S.C. Code Ann. § 16-3-910 (1985) is "knowledge." In so holding, the supreme court upheld the trial court's refusal to give several requested charges Jefferies submitted containing either "specific intent" or "purpose." *Id.* at 16, 446 S.E. (2d) at 431.

Here, the charge in question specified Harris must have acted intentionally to be found guilty, suggesting the law required a higher degree of mental culpability than that required under *Jefferies* for Harris to be convicted of kidnapping. Any error in the charge, therefore, inured to Harris's benefit. Because we find the charge as given did not prejudice Harris, we affirm the trial court's refusal to instruct the jury as Harris requested.

Affirmed.

SHAW, J., and HOWARD, Acting Judge, concur.