THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of Michael Hargrove, Appellant.
 
 
 

Appeal From Charleston County
 J. Michelle Childs, Circuit Court Judge
Unpublished Opinion No. 2009-UP-201
Submitted April 1, 2009  Filed May 18,
 2009   
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Salley W. Elliott,
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Michael Hargrove appeals his commitment to
 the South Carolina Department of Mental Health (the Department) as a sexually
 violent predator. On appeal, Hargrove contends the arrest warrant and affidavit
 associated with a previous guilty plea to assault and battery with intent to
 kill were improperly admitted into evidence because the two documents
 constituted inadmissible hearsay.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As to whether the circuit court erred in admitting the arrest
 warrant and affidavit into evidence: Rule 703, SCRE, Rule 801(c), SCRE, Rule
 803, SCRE; State v. Harris, 318 S.C. 178, 181, 456 S.E.2d 433, 435 (Ct.
 App. 1995) (stating the qualification of an expert witness and the admissibility of an experts testimony are matters
 within the circuit courts sound discretion); Jones v. Doe, 372 S.C. 53,
 63, 640 S.E.2d 514, 519 (Ct. App. 2006) ([T]he expert may testify to
 evidence even though it is inadmissible under the hearsay rule, but allowing
 the evidence to be received for this purpose does not mean it is admitted for
 its truth. It is received only for the limited purpose of informing the jury of
 the basis of the experts opinion and therefore does not constitute a true
 hearsay exception."); Halbersberg v. Berry, 302 S.C. 97, 103, 394 S.E.2d
 7, 11 (Ct. App. 1990) (explaining an expert witness may state an opinion
 based on facts not within her firsthand knowledge).
2.  As to whether the
 admission of the arrest warrant and affidavit violated his right to confront
 witnesses: Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733
 (1998) (It is axiomatic that an issue cannot be raised for the first time on
 appeal, but must have been raised to and ruled upon by the trial judge to be
 preserved for appellate review.").
AFFIRMED.
HEARN,
 C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.