**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rebecca Elliott, Appellant,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2011-205208

———————————

Appeal from Spartanburg County
James F. Fraley, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2013-UP-076
Heard January 16, 2013 – Filed February 20, 2013

———————————

**REVERSED**

———————————

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg, for Appellant.

Taron Brown Davis, of Columbia, for Respondent.

———————————

**PER CURIAM:** Appellant Rebecca Elliott seeks review of a decision of the South Carolina Department of Social Services (DSS) to place her name in the Central Registry of Child Abuse and Neglect. Elliott argues that DSS failed to conduct "an appropriate and thorough investigation" to determine whether the report of suspected child abuse in this case was "indicated" or "unfounded." Elliott

also argues that there was no substantial evidence to support the conclusion of DSS that Elliott's corporal punishment of a child in her care (Child) on August 20, 2008 constituted child abuse. We reverse.

## I. Thoroughness of investigation

Section 63-7-920(A)(1) of the South Carolina Code (2010) requires DSS to conduct "an appropriate and thorough investigation" to determine whether a report of suspected child abuse is "indicated" or "unfounded." In the present case, the investigation conducted by DSS fell short of this standard.

Elliott indicated in her written statement that she did not believe she had used enough force to cause severe bruising. In addition to Elliott's statement, other information provided to the investigator should have alerted the investigator to the possibility that an independent force caused the severe bruising. However, the investigator failed to take steps to rule out other causes. The investigator failed to conduct a meaningful interview with Child in a neutral setting or to inquire into whether Child had been spanked during the days and hours preceding or subsequent to the afternoon of August 20.

Further, the investigator did not interview employees of the daycare facility, other than Elliott, regarding Child's activities, conditions, and persons with whom he came in contact throughout the day on August 20 and the preceding days. Neither did the investigator consult with a medical professional regarding the forces or medical conditions that could have caused the severe bruises and the timing of their subsequent appearance. While consultation with a medical professional may not be necessary for every investigation of alleged child abuse, the circumstances of this case obviously required such a consultation.

We note that the investigator asked Child's parents to take Child to a child advocacy center for a medical examination and forensic interview. The investigator admitted that she would not have asked Child's parents to take this step if she did not think it was important. Child's mother testified that she and Child's father did not take this step because the bruises had resolved by the time they could have taken him to a child advocacy center. Child's mother also testified that she and Child's father did not take Child to the emergency room when she discovered the severe bruising on August 20 because she did not think it was an emergency. Despite these omissions, the investigator might have salvaged the medical aspect of the investigation by showing a medical professional the photographs taken by

Child's mother in the late afternoon or early evening of August 20. The investigator did not do so within the forty-five day investigation period.

Based on the foregoing, the family court erred in concluding that the investigation of DSS was appropriate and thorough.

## II.    Substantial Evidence

In concluding that Elliott's spanking of Child constituted excessive corporal punishment, the final administrative order of DSS indicates that it relied on the photographs taken by Child's mother. However, no medical evidence was presented to show that Elliott's spanking of Child caused the severe bruising depicted in the photographs, despite the investigator's admission that the photographs could not, by themselves, pinpoint the time that the force causing the severe bruising occurred. We emphasize that medical evidence may not be necessary in every case of suspected child abuse. Nevertheless, in this case, testimony from a medical professional was necessary to assist the trier of fact in understanding the manifestation and aging of bruises, both in general and when the injured individual is extraordinarily sensitive to physical contact.[1] *See* Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Lopez*, 306 S.C. 362, 366, 412 S.E.2d 390, 393 (1991) ("Frequently, the diagnosis of a victim's injuries and the determination of the cause of those injuries based on the symptoms is manifestly beyond the ability of the average trier of fact. Therefore, a qualified expert opinion is often essential for the trier of fact to connect the physical findings to a cause."); *S.C. Dep't. of Soc. Servs. v. Father & Mother*, 294 S.C. 518, 521-22, 366 S.E.2d 40, 42 (Ct. App. 1988) (citing medical testimony in support of the finding that the force used by the father was "not moderate in degree").

In the absence of medical evidence, the assumption by DSS that Elliott's spankings caused the severe bruising depicted in the photographs was speculative. *Cf. Watson v. Ford Motor Co.*, 389 S.C. 434, 452-53, 699 S.E.2d 169, 179 (2010) (noting that South Carolina does not follow the doctrine of res ipsa loquitur and holding that in the absence of any admissible evidence to support the plaintiffs' claim, the jury

---

[1] We recognize that Child's mother testified she was not aware of any medical condition that would cause Child to bruise easily. However, the mother's lack of awareness of such a medical condition does not rule out its existence.

impermissibly speculated as to the cause of an accident).  Without a reasonable inference of causation, the findings and conclusions of DSS implicating Elliott in the severe bruising were unsupported by substantial evidence. *See Tennis v. S.C. Dept. of Soc. Servs.*, 355 S.C. 551, 558, 585 S.E.2d 312, 316 (Ct. App. 2003) ("Substantial evidence is *not a mere scintilla of evidence nor evidence viewed blindly from one side*, but is evidence which, when considering the record as a whole, would allow reasonable minds to reach the conclusion that the agency reached." (emphasis added) (citations omitted)).  Therefore, the family court erred in concluding that substantial evidence supported the decision of DSS.

**REVERSED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**