# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Darryl L. Drayton, Petitioner.

Appellate Case No. 2015-000814

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Charleston County
The Honorable J. C. Nicholson, Jr., Circuit Court Judge

---

Opinion No. 27599
Submitted December 7, 2015 – Filed December 23, 2015

---

## VACATED IN PART, AFFIRMED IN RESULT

---

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the Court of Appeals' opinion in *State v. Drayton*, 411 S.C. 533, 769 S.E.2d 254 (Ct. App. 2015). We grant the petition as to Questions I and II, dispense with further briefing, vacate the portion of the Court of Appeals' opinion addressing petitioner's expectation of privacy in his historical cell site location data (HCSLD), and affirm in result. We deny the petition as to Question III.

Petitioner was convicted of murder and sentenced to life without parole. Prior to trial, petitioner moved to suppress evidence of his HCSLD on the ground that the affidavits in support of the search warrants did not establish probable cause. During the hearing on the motion, arguments were presented as to whether petitioner had a privacy interest in the information obtained. The State argued no search occurred, but, regardless, petitioner did not have a privacy interest in the records.

The trial judge denied the motion to suppress, finding, in relevant part, that petitioner did not have a privacy interest in the records. The judge applied the Federal Stored Communications Act (SCA), 18 U.S.C.A. 2703 (2015) by analogy, construed the warrants as court orders, found the orders were supported by "reasonable grounds," and determined probable cause was not required. Based on his ruling, the judge did not address whether the affidavits in support of the search warrants established probable cause.

The Court of Appeals affirmed the denial of the motion to suppress, finding, as a matter of first impression, petitioner did not have an expectation of privacy in the records pursuant to the Fourth Amendment because the SCA does not require probable cause and the federal courts have not found that the SCA implicates the Fourth Amendment.

The Court of Appeals further found, as a matter of first impression, petitioner did not have an expectation of privacy in the records under the South Carolina Constitution because the evidence sought in this case was not obtained via electronic surveillance, but was sought as a business record. The court relied on "federal precedent" to determine petitioner did not have a reasonable expectation of privacy in his HCSLD because he voluntarily contracted with Verizon, thereby conveying his HCSLD to Verizon which created records in the ordinary course of business. The court concluded the trial judge properly construed the warrant as a court order and applied a "reasonable grounds" test. Because the court's findings regarding privacy were dispositive, the court did not address whether the affidavits in support of the warrants established probable cause.

We find the Court of Appeals erred in reaching the novel issue of whether petitioner had an expectation of privacy in his HCSLD because, in view of the totality of the circumstances, the affidavits in support of the warrants established probable cause for the search. *See* S.C. Code Ann. § 17-13-140 (2014) (stating, in part, a search warrant may be issued to search for and seize property tending to show that a particular person committed a criminal offense); *State v. Jones*, 342 S.C. 121, 126, 536 S.E.2d 675, 678 (2000) ("When reviewing a magistrate's decision to issue a search warrant, we must consider the totality of the circumstances."). Accordingly, we vacate that portion of the Court of Appeals' opinion.

Further, any error in the issuance of the warrants was harmless because petitioner's guilt was conclusively established by other competent evidence at trial, such that no other rational conclusion could have been reached. *See State v. Livingston*, 282 S.C. 1, 6, 317 S.E.2d 129, 132 (1984); ("[W]here guilt is conclusively proven by competent evidence and no rational conclusion can be reached other than the accused is guilty, a conviction will not be set aside because of insubstantial errors not affecting the result."); *see also State v. Baccus*, 367 S.C. 41, 625 S.E.2d 216 (2006) (employing a harmless error analysis in the case of a defective search warrant). Accordingly, we affirm petitioner's conviction and sentence.

**VACATED IN PART, AFFIRMED IN RESULT**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**