**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brett D. Parker, Appellant.

Appellate Case No. 2013-001238

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

Unpublished Opinion No. 2015-UP-574
Heard November 18, 2015 – Filed December 30, 2015

**AFFIRMED**

John Dennis Delgado and John S. Nichols, both of
Bluestein Nichols Thompson & Delgado, LLC, and
Ernest Latony Dessausure, of Dessausure Law Firm, all
of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Attorney General W. Edgar Salter, III, and Solicitor
Daniel Edward Johnson, all of Columbia, for
Respondent.

**PER CURIAM:** In this appeal of his murder conviction, Brett D. Parker contends the trial court erred by excluding his requested language in the jury charge on circumstantial evidence. Parker also argues the trial court erred in allowing an expert witness to offer an opinion outside of what he contends was the expert's qualified area. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Parker's requested language in the jury charge on circumstantial evidence: *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (holding when reviewing jury charges, the charge should be viewed as a whole and any charge is correct if read as a whole it adequately explains the law); *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) ("A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final . . . ."); *State v. Jenkins*, 408 S.C. 560, 572, 759 S.E.2d 759, 765 (Ct. App. 2014) (affirming an appellant's conviction, despite a court's usage of a *Grippon*[1] charge over the defendant's objection); *id.* at 572-73, 759 S.E.2d at 766 (holding because the appellant's requested jury charge included outdated "reasonable hypothesis" language, the trial court did not err in refusing to give that instruction); *id.* at 573, 408 S.E.2d at 766 ("[A]ny error in the omission of other language from the *Logan*[2] instruction was harmless beyond a reasonable doubt because the trial court's instruction, as a whole, properly conveyed the applicable law."); *State v. Drayton*, 411 S.C. 533, 546, 769 S.E.2d 254, 261 (Ct. App. 2015) (finding no reversible error when a jury charge on circumstantial evidence conformed to the charge in *Grippon*, notwithstanding an objection from the defendant).

2. As to whether the trial court erred in allowing portions of the State's primary expert's testimony: Rule 402, SCRE (providing all relevant evidence is generally admissible); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) (holding a trial court has discretion in deciding whether or not evidence is relevant and such a determination will not be overturned unless it abuses that discretion); *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Harris*, 318 S.C. 178, 181, 456 S.E.2d 433, 435 (Ct. App. 1995) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters largely within the trial court's discretion."); *State v. Myers*, 359 S.C. 40, 51, 596 S.E.2d 488, 494 (2004) (holding

---

[1] *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997).
[2] *State v. Logan*, 405 S.C. 83, 747 S.E.2d 444 (2013).

a trial court's decision to admit expert testimony will not be reversed absent an abuse of discretion).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**