**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joshua Griffith, Appellant.

Appellate Case No. 2014-000066

———

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

———

Unpublished Opinion No. 2017-UP-119
Heard September 8, 2016 – Filed March 15, 2017

———

**AFFIRMED**

———

Chief Appellate Defender Robert Michael Dudek, of Columbia; and William Harry Ehlies, II, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———

**PER CURIAM:** Joshua Griffith appeals his convictions of murder, criminal conspiracy, and assault and battery with intent to kill. He contends the trial court erred in denying him a directed verdict on all of the charges. He also argues the trial court should have charged the jury regarding circumstantial evidence according to *State v. Logan*.[1] Additionally, he maintains the trial court erred in permitting a witness to testify in reply when that witness violated the sequestration order. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in denying Griffith's motions for a directed verdict on all of the charges: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Venters*, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990) (noting that when reviewing a trial court's denial of a defendant's motion for a directed verdict, an appellate court must view the evidence in the light most favorable to the State); *Weston*, 367 S.C. at 292-93, 625 S.E.2d at 648 (holding an appellate court must find a case was properly submitted to the jury if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused); *State v. Pearson*, 415 S.C. 463, 469, 783 S.E.2d 802, 805 (2016) ("[W]hen the State relies exclusively on circumstantial evidence and a motion for a directed verdict is made, the trial [court] is concerned with the existence or non[]existence of evidence, not with its weight."); *State v. Bostick*, 392 S.C. 134, 139, 708 S.E.2d 774, 776 (2011) ("A case should be submitted to the jury when the evidence is circumstantial 'if there is any substantial evidence which reasonably tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced.'" (quoting *State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000))).

2.      As to whether the trial court erred in failing to charge the *Logan* substantial evidence charge[2]: *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (holding that in reviewing jury charges, the charge should be viewed as a whole and any charge is correct if "it contains the correct definition and adequately" explains the law); *id.* (finding a jury charge that "is substantially correct and covers the law does not require reversal"); *Logan*, 405 S.C. at 100, 747 S.E.2d at 452-53

---

[1] 405 S.C. 83, 747 S.E.2d 444 (2013).
[2] In *Logan*, 405 S.C. at 99, 747 S.E.2d at 452, the supreme court provided a new jury charge to be given in addition to a proper reasonable doubt instruction in cases involving circumstantial evidence.

(clarifying the new jury charge it provided did not prevent a trial court from charging the jury using the *Grippon*[3] language but it could not exclusively rely on that charge over an objection by a defendant); *State v. Drayton*, 411 S.C. 533, 543-46, 769 S.E.2d 254, 259-61 (Ct. App. 2015) (recognizing *Logan* and finding no reversible error in the omission of the reasonable hypothesis charge the defendant requested after the trial court gave a jury charge on circumstantial evidence that contained the language from *Grippon*), *cert. denied on this issue, vacated in part on other grounds, and aff'd in result*, 415 S.C. 43, 780 S.E.2d 902 (2015); *State v. Jenkins*, 408 S.C. 560, 572-73, 759 S.E.2d 759, 766 (Ct. App. 2014) ("Our supreme court has excluded the 'reasonable hypothesis' language from the circumstantial evidence instruction now required by *Logan*, recognizing that this language is unnecessary."); *id.* at 573, 759 S.E.2d at 766 (finding "any error in the omission of other language from the *Logan* instruction was harmless beyond a reasonable doubt because the trial court's instruction, as a whole, properly conveyed the applicable law").

3.      As to whether the trial court erred by permitting a witness to testify as a reply witness when she violated the sequestration order: *State v. Simmons*, 384 S.C. 145, 173, 682 S.E.2d 19, 34 (Ct. App. 2009) ("Whether to exempt a witness from a sequestration order is within the [trial] court's discretion."); *State v. Fulton*, 333 S.C. 359, 375, 509 S.E.2d 819, 827 (Ct. App. 1998) ("This discretion extends to the State's right to recall a witness in reply who was present in the courtroom during a portion of the trial.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[3] *State v. Grippon*, 327 S.C. 79, 83-84, 489 S.E.2d 462, 464 (1997) (recommending a charge for the trial court to give the jury on circumstantial evidence and noting that once the trial court gives a proper reasonable doubt instruction, it need not inform a jury the circumstantial evidence must be so strong as to exclude every reasonable hypothesis other than guilt).