**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Robin Renee Herndon, Appellant.

Appellate Case No. 2016-001109

---

Appeal From Aiken County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-458
Heard October 9, 2018 – Filed December 12, 2018

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Samuel R. Hubbard, III,
of Lexington, for Respondent.

---

**PER CURIAM:** In this criminal appeal, Robin Renee Herndon appeals her
conviction of voluntary manslaughter. On appeal, Herndon argues the circuit court
erred in (1) denying her immunity under the Protection of Persons and Property

Act[1] (the Act), (2) admitting the testimony of forensic pathologist Dr. Janice Ross because the court abandoned its reliability determination to the jury and her testimony was outside the scope of her expertise, and (3) refusing Herndon's request to instruct the jury on the circumstantial evidence charge from *State v. Logan*, 405 S.C. 83, 747 S.E.2d 444 (2013). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [the appellate] court reviews under an abuse of discretion standard of review."); *Semken v. Semken*, 379 S.C. 71, 75, 664 S.E.2d 493, 496 (Ct. App. 2008) ("A preponderance of the evidence stated simply is that evidence which convinces as to its truth."); *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166–67 (2007) ("An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Duncan*, 392 S.C. 404, 410, 709 S.E.2d 662, 665 (2011) ("[T]he legislature intended defendants be shielded from trial if they use deadly force as outlined under the Act. Immunity under the Act is therefore a bar to prosecution and, upon motion of either party, must be decided prior to trial."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in Section 16-1-60."); *Curry*, 406 S.C. at 372, 752 S.E.2d at 267 (finding immunity under the Act "is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the [circuit] court by the preponderance of the evidence"); *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) (outlining the elements of self-defense as the following: (1) the defendant was without fault in bringing on the difficulty; (2) the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) if the defense is based on the defendant's actual belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily

---

[1] *See* S.C. Code Ann. §§ 16-11-410 through -450 (2015).

harm or losing his own life; and (4) the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance); *Guerin v. Hunt*, 118 S.C. 32, 110 S.E. 71, 74 (1921) (finding when there is no conflicting testimony or when there is no evidence upon a material matter, the question presented is one of law; if the evidence is contradictory, the question is one of fact); *State v. Butler*, 407 S.C. 376, 382, 755 S.E.2d 457, 460 (2014) ("When the evidence is susceptible of more than one reasonable inference, questions of fact must be submitted to the jury." (quoting *State v. Richburg*, 250 S.C. 451, 459, 158 S.E.2d 769, 772 (1968))); *State v. Hendrix*, 270 S.C. 653, 657, 244 S.E.2d 503, 505 (1978) ("[U]nless it can be said as a matter of law that self-defense was established, it was not error to submit the case to the jury.").

2. As to Issue 2: Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Martin*, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) (explaining, before a witness is qualified as an expert, the circuit court, *acting as gatekeeper*, "must find (1) the expert's testimony will assist the trier of fact, (2) the expert possesses the requisite knowledge, skill, experience, training, or education, and (3) . . . the expert's testimony is reliable.") (emphasis added); *State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) (finding the court must *evaluate the substance* of the expert's testimony to determine if it is reliable); *State v. White*, 382 S.C. 265, 269–71, 676 S.E.2d 684, 686–87 (2009) (establishing scientific and non-scientific testimony required a reliability finding before admitting the testimony, and further finding expert testimony, related to dog tracking evidence, was reliable due to the evidence concerning the *extensive training and experience* of the law enforcement officer and the *training and reliability* of the canine) (emphasis added); *State v. Harris*, 318 S.C. 178, 181, 456 S.E.2d 433, 435 (Ct. App. 1995) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters largely within the [circuit] court's discretion."); *Nelson v. Taylor*, 347 S.C. 210, 214, 553 S.E.2d 488, 490 (Ct. App. 2001) ("Qualification depends on the particular witness' reference to the subject."); *State v. Lopez*, 306 S.C. 362, 364, 412 S.E.2d 390, 391 (1991) (providing a pathologist, who performed the victim's autopsy, may testify regarding the specific injuries he observed and the victim's cause of death as a result of those injuries); *State v. Gray*, 408 S.C. 601, 607, 759 S.E.2d 160, 163 (Ct. App. 2014) (illustrating a forensic pathologist, who performed the autopsy, may testify regarding the victim's cause of death based on the forensic pathologist's personal observations of the victim's

wounds while performing the autopsy); *White*, 382 S.C. at 269, 676 S.E.2d at 686 ("A [circuit] court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion.").

3. As to Issue 3: *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (holding that in reviewing jury charges, the appellate court considers the jury charge as a whole, and a jury charge is correct if "it contains the correct definition and adequately" explains the law) (citation omitted); *Logan*, 405 S.C. at 91, 747 S.E.2d at 448 (finding a jury charge that "is substantially correct and covers the law does not require reversal" (quoting *id.* at 549, 713 S.E.2d at 603)); *id.* at 100, 747 S.E.2d at 452–53 (clarifying the new jury charge the case provided did not prevent a circuit court from charging the jury using the *State v. Grippon*[2] or *State v. Cherry*[3] language but it could not exclusively rely on that charge over an objection by a defendant); *State v. Drayton*, 411 S.C. 533, 543–46, 769 S.E.2d 254, 259–61 (Ct. App. 2015) (recognizing *Logan* and finding no reversible error in the omission of the reasonable hypothesis charge the defendant requested after the circuit court gave a jury charge on circumstantial evidence that contained the language from *Grippon*), *cert. denied on this issue, vacated in part on other grounds, and aff'd in result*, 415 S.C. 43, 780 S.E.2d 902 (2015); *State v. Jenkins*, 408 S.C. 560, 573, 759 S.E.2d 759, 766 (Ct. App. 2014) (finding "any error in the omission of other language from the *Logan* instruction was harmless beyond a reasonable doubt because the [circuit] court's instruction, as a whole, properly conveyed the applicable law").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[2] 327 S.C. 79, 489 S.E.2d 462 (1997).

[3] 361 S.C. 588, 606 S.E.2d 475 (2004).