# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Charles Dent, Appellant.

Appellate Case No. 2018-001257

———————

Appeal From Beaufort County
Alex Kinlaw, Jr., Circuit Court Judge

———————

Opinion No. 5850
Heard February 11, 2021 – Filed August 18, 2021

———————

## REVERSED AND REMANDED

———————

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**WILLIAMS, J.:** In this criminal matter, Charles Dent appeals his convictions for first degree criminal sexual conduct (CSC) with a minor and disseminating obscene material to a minor. We reverse and remand for a new trial.

## FACTS/PROCEDURAL HISTORY

In August 2014, Dent was arrested at his home in Alabama for various charges stemming from alleged sexual abuse of his granddaughter (Victim).[1]  At the time of the alleged abuse, Victim lived in South Carolina with her mother and brother, and Dent would periodically stay with them.

In May 2014, Mother began dating John Camelo.  Thereafter, Victim made an initial disclosure of abuse by Dent to Camelo.  Camelo notified Mother, and Mother reported the abuse to law enforcement.  Thereafter, Victim underwent a forensic interview at Hopeful Horizons regarding her initial disclosure.  Following the interview, Victim made a second disclosure of abuse by Dent to Camelo and subsequently completed a second forensic interview.

A Beaufort County grand jury indicted Dent with two charges of first degree CSC with a minor and two charges of disseminating obscene material to a minor.  Following a trial in May 2018, a jury found Dent guilty of both dissemination charges and one charge of first degree CSC, and the trial court sentenced him to an aggregate term of thirty years' imprisonment.  Dent moved for a new trial, and the court denied his motion.  This appeal followed.

**STANDARD OF REVIEW**

In criminal cases, the appellate court reviews the underlying matter for an abuse of discretion, which occurs when the findings of the trial court lack evidentiary support or are controlled by an error of law.  *State v. Hopkins*, 431 S.C. 560, 568–69, 848 S.E.2d 368, 372 (Ct. App. 2020).

**LAW/ANALYSIS**

Dent contends the trial court erred in failing to charge the jury with the requested circumstantial evidence instruction established by *State v. Logan*, 405 S.C. 83, 747 S.E.2d 444 (2013).  We agree.

In *Logan*, our supreme court held that trial courts "should" instruct the jury with the following circumstantial evidence charge when requested by the defendant.  *Id.* at 99, 747 S.E.2d at 452.

> There are two types of evidence which are generally
> presented during a trial—direct evidence and

---

[1] Dent also faced charges in Alabama for child pornography.

circumstantial evidence. Direct evidence directly proves the existence of a fact and does not require deduction. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.

Crimes may be proven by circumstantial evidence. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence, however, *to the extent the State relies on circumstantial evidence, all of the circumstances must be consistent with each other, and when taken together, point conclusively to the guilt of the accused beyond a reasonable doubt. If these circumstances merely portray the defendant's behavior as suspicious, the proof has failed.*

The State has the burden of proving the defendant guilty beyond a reasonable doubt. This burden rests with the State regardless of whether the State relies on direct evidence, circumstantial evidence, or some combination of the two.

*Id.* (emphasis added).

"When requested, the *Logan* charge *must be given* in cases based in whole or part on circumstantial evidence." *State v. Herndon*, 430 S.C. 367, 371, 845 S.E.2d 499, 501 (2020) (emphasis added).

Over the years, the circumstantial evidence charge in South Carolina has evolved significantly. In relevant part, it was initially required that circumstantial evidence point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. Subsequently, in response to guidance from the Supreme Court of the United States, the [c]ourt removed this requirement, instead ordering trial courts to instruct juries that circumstantial evidence must be given the same

weight and treatment as direct evidence (the *Grippon*[2] charge).

> However, in *Logan*, the [c]ourt posited that there are different approaches used to analyze direct and circumstantial evidence. . . . Therefore, we held the trial court "should" give the specific charge provided in the *Logan* decision, . . . , when requested.

*Id.* at 371–72, 845 S.E.2d at 502 (citations and footnotes omitted). "Th[e *Logan*] holding does not prevent the trial court from issuing the circumstantial evidence charge provided in *Grippon* . . . . However, trial courts *may not exclusively rely* on that charge over a defendant's objection." *Logan*, 405 S.C. at 100, 747 S.E.2d at 452–53 (emphasis added).

"Notwithstanding the mandatory language in *Logan*, erroneous jury instructions remain subject to an appellate court's authority to 'consider[ ] the trial court's jury charge as a whole and in light of the evidence and issues presented at trial.'" *Herndon*, 430 S.C. at 371, 845 S.E.2d at 501–02 (alteration in original) (quoting *Logan*, 405 S.C. at 90, 747 S.E.2d at 448). "To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant." *State v. Adkins*, 353 S.C. 312, 319, 577 S.E.2d 460, 464 (Ct. App. 2003).

During the charge conference, Dent requested the trial court use the *Logan* charge for the instruction on circumstantial evidence. However, the court failed to do so, charging the jury as follows:

> Now, there are, also, two sources—or two types of evidence, rather. And I'm talking about now is there's direct evidence and circumstantial evidence. Direct evidence is the testimony of someone who claims to have direct and actual knowledge of a fact, such as an eyewitness. Direct evidence is evidence that if it is believed immediately establishes a fact.
>
> Circumstantial evidence. Circumstantial evidence is indirect evidence. Put another way, circumstantial

---

2 *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997).

> evidence is proof of a chain of facts from which you could find that another fact exists, even though it has not been proven to you directly.
>
> The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. You may consider both kinds. And there's not a greater degree of certainty required for one over the other.

Following the charge, Dent objected and requested the trial court recharge the jury with the *Logan* instruction. The trial court overruled Dent's objection, finding the charge was sufficient.

We find the trial court erred in failing to grant Dent's request to charge the jury with the *Logan* instruction on circumstantial evidence. *See Logan*, 405 S.C. at 99, 747 S.E.2d at 452 ("[D]efendants should not be restricted from requesting a jury charge that reflects the requisite connection of collateral facts necessary for a conviction."). The evolution of this charge is apparent in our jurisprudence, and our supreme court has unambiguously directed trial courts to use the instruction if requested. *See Herndon*, 430 S.C. at 371, 845 S.E.2d at 501 ("When requested, the *Logan* charge must be given in cases based in whole or part on circumstantial evidence."). Although it is not error for trial courts to use previous iterations of a circumstantial evidence charge, rather than utilizing the *Logan* instruction verbatim, it is mandatory for the trial court to update the charge as necessary. *See Logan*, 405 S.C. at 100, 747 S.E.2d at 452–53 ("Th[e *Logan*] holding does not prevent the trial court from issuing the circumstantial evidence charge provided in *Grippon* . . . . However, trial courts *may not exclusively rely* on that charge over a defendant's objection." (emphasis added)). Therefore, the trial court additionally erred in failing to supplement the charge, after Dent's renewed objection, to include reference to the requisite connection of circumstantial facts necessary for a conviction. There was no physical evidence, and the State spent substantial time in summation explaining to the jury that the case was "about circumstantial evidence." Further, the State read part of the trial court's planned charge on circumstantial evidence to the jury, noting that Dent "didn't want to read out the [planned] definition of circumstantial evidence." Considering the circumstantial nature of the evidence, we find these errors prejudiced Dent.[3]

---

[3] Because this finding is dispositive, we decline to address Dent's remaining issues on appeal. *See State v. Hepburn*, 406 S.C. 416, 428 n. 14, 753 S.E.2d 402, 408 n.

**CONCLUSION**

Accordingly, we reverse the trial court and remand the matter for a new trial.

**REVERSED AND REMANDED.**

**HILL, J., concurs.**

**THOMAS, J., dissenting:** I respectfully dissent. I find the trial court erred in failing to supplement the jury charge, after Dent's renewed objection, with the requested circumstantial evidence instruction established by *Logan*. However, I find the error committed by the trial court was ultimately harmless. The State's case consisted of direct and circumstantial evidence. While the amount of direct versus circumstantial evidence presented was close, the evidence was not "almost exclusively circumstantial" like in *Herndon*. *See Herndon*, 430 S.C. at 373, 845 S.E.2d at 500-03 (holding the trial court's failure to give the requested *Logan* charge was not harmless error when the State's case against the defendant was "almost exclusively circumstantial"). I also find the trial court's instruction, as a whole, properly conveyed the applicable law. *See Logan*, 405 S.C. at 90-91, 747 S.E.2d at 448 ("A jury charge is correct if, when read as a whole, the charge adequately covers the law."). In *State v. Jenkins*, 408 S.C. 560, 572-73, 759 S.E.2d 759, 766 (Ct. App. 2014), this court found no reversible error in the trial court's jury instruction on circumstantial evidence, applying the harmless error analysis and explaining, "Our supreme court has excluded the 'reasonable hypothesis' language from the circumstantial evidence instruction now required by *Logan*, recognizing that this language is unnecessary." The *Jenkins* court also found "any error in the omission of other language from the *Logan* instruction was harmless beyond a reasonable doubt because the trial court's instruction, as a whole, properly conveyed the applicable law." *Id.* at 572-73, 759 S.E.2d at 766; *see Logan*, 405 S.C. at 94 n. 8, 747 S.E.2d at 449 n. 8 ("A trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied." (citation omitted)); *id.* (concluding any error in the trial court's jury instructions was harmless because the trial court "clearly instructed the jury regarding the reasonable doubt burden of proof" and its jury instruction, "as a whole, properly conveyed the applicable law." (citations omitted)); *see also State v. Drayton*, 411 S.C. 533, 545-46, 769 S.E.2d 254, 261

---

14 (2013) (declining to review remaining issues when its determination of a prior issue was dispositive of the appeal).

(Ct. App. 2015) (determining there was no reversible error in the trial court's failure to include the "reasonable hypothesis" language in its circumstantial evidence jury charge when the trial court's instruction "as a whole, properly conveyed the applicable law"), *aff'd in result and vacated in part on other grounds by State v. Drayton*, 415 S.C. 43, 780 S.E.2d 902 (2015); *State v. Lynch*, 771 S.E.2d 346, 358, 412 S.C. 156, 178 (Ct. App. 2015) (finding the trial court did not commit reversible error in refusing Lynch's requested circumstantial evidence charge because his requested charge was based on the "reasonable hypothesis" language, which the supreme court found unnecessary in *Logan*). Therefore, I would affirm the trial court.